## Tramwill v. Commonwealth.

(Decided May 31, 1912.)

### Appeal from Christian Circuit Court.

1. Larceny—Receiving Stolen Goods—Horse Stealing—Principal in Asportation.—P. having stolen a horse in Tennessee and brought it to Kentucky and delivered it to defendant who sold it in Kentucky and divided the money with P., and all this being done pursuant to a prior agreement between P. and the defendant, the defendant is a principal in the asportation in Kentucky and may be convicted as such.

2. Overruled Cases.—The case of Able v. Commonwealth, 5th Bush, 698 is overruled.

IRA D. SMITH, J. STANLEY BASSETT for appellant.

JAMES GARNETT, Attorney General, CHAS. H. MORRIS, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Bethel Tramwill was indicted in the Christian circuit court for the offense of horse stealing. On a trial of the case, he was found guilty and sentenced to confinement in the penitentiary from two to ten years. He appeals.

The proof in the case was in substance as follows: W. D. Tramwill lives in Tennessee, not far from Clarksville. His horse, buggy and harness were stolen from his stable one night. The next morning Bethel Tramwill had the horse, buggy and harness in Hopkinsville, and

sold them to a man named Veach for $25. W. D. Tramwill telephoned about the loss of his horse and buggy, and the police finding it at Veach's stable, arrested Bethel Tramwill. He said when arrested that he stole the horse in Tennessee and brought him over and sold him to Veach. He said that he had worked for W. D. Tramwill, who was his uncle, and his uncle had not paid him, and that he had put up a note on the stable door telling his uncle not to worry; that he would either return him the horse or $100 in two days. His uncle came over, and he told his uncle that he thought he would drive the horse over and get some whiskey, and being asked how he came to sell him, said he got drunk, and thus accounted for his having sold him. This was in substance the evidence for the Commonwealth.

Bethel Tramwill, testifying in his own behalf, said that he and a man named Parker, when at Guthrie together, had made an agreement that Parker should go down to his uncle's house, get the horse and buggy and bring him into Hopkinsville the next morning; and that the understanding was that he was to go to Hopkinsville and Parker was to go and get the horse, bring him to Hopkinsville and turn the horse over to him, and if he would not sell him, Parker would; that he went to Hopkinsville, and Parker brought the horse there and delivered it to him, and he thereupon sold the horse and buggy to Veach for $25, and gave Parker $4 of the money. On this evidence, the defendant moved the court to instruct the jury in substance that if the transaction was as he had stated it, they should find him not guilty. The court refused to so instruct the jury, and instructed them that if the transaction was as stated by the defendant, they should find him guilty. The propriety of this ruling is the chief question made on the appeal.

In Able v. Commonwealth, 5 Bush, 691, Able was indicted in Jefferson county for stealing $2,600 of gold coin, the property of James Gibson. The proof on the trial showed that Gibson had living with him a grandson about 15 years of age; that Able induced the boy to steal the coin out of his grandfather's house in Henderson county, and bring it to him at a village about two miles distant; that he then brought the coin to Louisville and sold it there. On these facts, it was held that Able was only an accessory before the fact to the stealing of the money, and that this being the case, he could not be convicted in Jefferson county under an indictment charging

him with stealing it there. That case is on all fours with this. If the defendant's statement was true, he had Parker to go down to his uncle's and steal the horse and bring it to him in Hopkinsville that he might there sell it and divide the money with Parker. If he had Parker to steal the horse for him, what he did through his agent, Parker, was in legal effect done by him as fully as if he had done it in person. He was not indicted, however, for what occurred in the State of Tennessee. He was indicted for the stealing of the horse in the State of Kentucky. The rule is well establishd that if property is stolen in one State and carried by the thief into another State, it is a fresh asportation in the State to which the property is carried, and the offender may be indicted and punished there. 1 Bishop's Criminal Law, Secs. 140-141. When the defendant's agent brought the horse to him in Hopkinsville, and he there took charge of the horse and sold it, there was a fresh asportation of the property by him there, and for this he may be punished in Kentucky.

In Ferrill, &c., v. Commonwealth, 1 Duv., 154, Ferrill and Bullard stole the horse in Tennessee and brought it to Kentucky. Ferrill sold the horse in Kentucky in the presence of Bullard, for the use of both of them, and in pursuance of an agreement between them to this effect. An instruction telling the jury that on these facts they should find Bullard guilty as charged was approved, it being held that both were principals in what was done in Kentucky. The principles announced in that case apply equally here, both appellant and Parker being present and concurring in the asportation in Kentucky.

The substantial rights of appellant were in no wise affected by the refusal of the court to allow the two writings given in evidence to be taken to the jury room, or by the rebuttal evidence allowed to be introduced by the Commonwealth; as under the views we have indicated, he was guilty as charged on the facts stated by him as a witness on the trial, no less than on the facts proved by the Commonwealth.

The case of Able v. Commonwealth, supra, is overruled.

Judgment affirmed.