## Short v. Commonwealth.

(Decided March 25, 1932.)

LAWRENCE & CARTER for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN— Reversing.

Appellant was convicted of a second violation of our state prohibition law, the Rash-Gullion Act (Ky. Stats., sec. 2554a-1 et seq.) and sentenced to serve one year in the penitentiary. He appeals.

As grounds for reversal, he insists, first, that it was not proven that he was engaged in the manufacture of liquor at the time of his arrest, this being the offense for which he was indicted; and, secondly, that the venue of the prosecution was not established. In view of our conclusions on the second point raised, it will not be necessary to discuss the first point at any great length, and we may content ourselves with saying that on appellant's own evidence the jury was warranted in believing that at the time of his arrest the still was being used for the distillation of intoxicating liquor and that the evidence of the commonwealth established that appellant was assisting in the work which was going on at the still at that time. Hence there was ample evidence to support the jury's finding that appellant was engaged in the manufacture of liquor at the time of his arrest.

The other contention of appellant, however, is much more serious. The witnesses for the commonwealth gave it as their guess and impression that the still at which appellant was arrested was located in Kentucky, but, on cross-examination, it was developed that they did not definitely know whether the still was located in Kentucky or on the other side of the state line in Tennessee. About the only definite evidence on this point in the record is that of appellant, who testified the still was on ground just south of his father's farm, and that the south line of his father's farm coincided with the Kentucky and Tennessee line. There is no evidence in the record as to the exact spot where the still was found so that the jury might determine from its own knowledge and information whether such spot lay within Kentucky or Tennessee. While it is true under our statutes an inability to determine in which particular county an offense is com-

mitted is not fatal to a prosecution (see Kentucky Statutes, sec. 1146), yet obviously in such state of case the accused has violated the sovereignty of the state whether he has committed the criminal act in one county or the other. But, in the case before us, unless the acts for which appellant is here being prosecuted occurred within the state of Kentucky, he has violated no law of the state of Kentucky. Appellant cannot be punished by the state of Kentucky for any acts he may have done in violation of the criminal laws of the state of Tennessee. As we said in the case of Hylton v. Commonwealth, 91 S. W. 696, 697, 29 Ky. Law Rep. 64, in passing on a question of venue:

"The courts of this state cannot take cognizance of crime committed against the laws of a neighboring state."

It was therefore imperative on the part of the commonwealth to bring forward some definite proof from which the jury might determine that the offense here complained of was committed in Kentucky. There was an utter failure of such proof. That which was adduced went no further than guess or surmise, and this is insufficient. In Wilkey v. Commonwealth, 104 Ky. 325, 47 S. W. 219, 221, 20 Ky. Law Rep. 578, in holding that proof of venue had not been established, we said:

"It would be going too far to sanction a verdict based upon the existence of an indispensable fact, which the jury did not, nor could, find from the evidence before them to exist."

The court should, on the case here presented, have peremptorily instructed the jury to find the appellant not guilty.

The judgment must therefore be reversed, with instructions to grant the appellant a new trial in conformity with this opinion.