Gary W. DAUGHERTY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Oct. 31, 1978.

---

1. Ky.Acts, 1976, Ch. 59 § 2.

Jack Emory Farley, Public Defender, Edward C. Monahan, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Carl T. Miller, Jr., Victor Fox, Asst. Attys. Gen., Frankfort, for appellee.

CLAYTON, Justice.

Gary W. Daugherty appeals from a judgment sentencing him to 20 years' imprisonment pursuant to a verdict finding him guilty of first-degree burglary (KRS 511.-020), theft by unlawful taking (KRS 514.-030), and of being a second-degree persistent felony offender (KRS 532.080).

After spending a weekend in Owensboro, Diane Boone, appellant's sister, and her husband Robert returned to their Henderson apartment to discover that a window had been broken and a tape player and five guns were missing. Prior to this weekend, Daugherty had kept some clothes in the couple's living room and occasionally slept there. Daugherty did not have permission to be in the apartment when the Boones were not present, and he was not given a key, although the couple did indicate they were planning to have one made for him.

Approximately one week later, appellant, while in police custody for drunkenness, made separate statements to police detectives from Owensboro and Henderson, respectively, in which he admitted breaking the apartment window in order to gain entrance to change clothes. He told both detectives that he was accompanied by Larry Roberts and Hugh Dino, although he was not sure how they got into the apartment. A few hours later, according to Daugherty, he discovered that several guns had been hidden in his car. Recognizing the guns as belonging to his brother-in-law, appellant told Roberts and Dino to get the guns out of his car.

Appellant's initial contention is that the trial court erred in overruling his motion for a directed verdict on the burglary and theft charges. As to the former count, appellant argues that the case should not have gone to the jury since the prosecution failed to prove he was in the Boone apartment unlawfully, an essential element of first-degree burglary. We disagree. The evidence is at best equivocal as to whether Daugherty had reason to believe he had permission to be in the apartment when the Boones were away, but regardless of whether he had such permission, he certainly did not have the owners' consent to gain entry by breaking a window. Since from this evidence it would not be unreasonable for the jury to find appellant guilty of first-degree burglary, that count was properly submitted to the jury. *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977). Applying the same standard to the theft count, we conclude the trial judge was correct in overruling the motion.

The second assignment of error concerns the instruction given by the trial court regarding complicity:

### Instruction No. 5

A person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he:

(a) solicits, commands, or engages in a conspiracy with such other person to commit the offense; or

(b) aids, counsels, or attempts to aid such person in planning or committing the offense; or

(c) having a legal duty to prevent the commission of the offense, fails to make a proper effort to do so.

Appellant's position is that it was improper to instruct on complicity when the indictment charged him alone, as principal, for the crimes committed. Regardless of the merits of this argument, these grounds, being different from those asserted in the court below, are not properly preserved for appellate review. *Kennedy v. Commonwealth,* Ky., 544 S.W.2d 219 (1977); *Richardson v. Commonwealth,* Ky., 483 S.W.2d 105 (1972).

 However, in the trial court appellant did object to the complicity instruction on the grounds that the evidence was insufficient to warrant inclusion of such an instruction. This error is therefore preserved for review, and we agree with appellant that any theory of complicity in this case is unsupported by the evidence. Instructions in a criminal prosecution must have a source within the framework of the evidence produced at trial. *Butler v. Commonwealth,* Ky., 560 S.W.2d 814 (1978); *Blaine v. Commonwealth,* Ky., 459 S.W.2d 759 (1970). The trial court therefore committed prejudicial error by instructing on complicity when such an instruction was unwarranted by the evidence, and we reverse.[1]

This conclusion disposes of Daugherty's further contention that this instruction was improper since it permitted conviction on alternate methods of complicity without a unanimity requirement for any one method.

 Daugherty next argues that the conviction for first-degree burglary deprived him of due process of law since he was not "armed" with a deadly weapon, an essential element of the offense. We agree with the Court of Appeals that one who enters a dwelling unarmed and steals guns becomes "armed" with a deadly weapon within the meaning of KRS 511.020. *Meadows v. Commonwealth,* Ky.App., 551 S.W.2d 253 (1977).

We need not pass upon appellant's argument that the Commonwealth's closing statement was unfairly prejudicial, for we are confident that upon retrial the prosecutor will take care not to express any personal opinions as to the truthfulness of the evidence. We also decline to rule on appellant's contention that there was no evidence on several elements essential for conviction as a second-degree persistent felony offender, for we have no doubt that these alleged holes will be filled at the new trial.

We find no merit in appellant's final assignment of error, that the Indiana judgment introduced during the persistent felony stage was improperly admitted into evidence. The judgment was introduced in full compliance with CR 44.01.

The judgment is reversed with directions for a new trial.

All concur.

---

1. Had the evidence called for an instruction on complicity, we could not approve of the one given here, as it merely states an abstract proposition of law, unrelated to the facts of the case.