**COMMONWEALTH of Kentucky,
Movant/Appellee,**

v.

**Leonard LIUZZI, Respondent/Appellant.**

Supreme Court of Kentucky.

Feb. 28, 1985.

David L. Armstrong, Atty. Gen., Sarah M. Jackson, Asst. Atty. Gen., Frankfort, for movant, appellee.

Sanford L. Berman, Appellate Public Advocate, Louisville, for respondent, appellant.

GANT, Justice.

The Court of Appeals reversed the conviction of Leonard Liuzzi as a persistent felony offender in the first degree in reviewing this case on an appeal from an RCr 11.42 motion alleging ineffective assistance of counsel. The basis for determination of ineffectiveness by retained, private counsel was failure to move for a directed verdict of acquittal when there was "no direct evidence" of the age of Liuzzi at the time of commission of the former crimes, utilized at the PFO hearing, as mandated by our opinion in *Hon v. Commonwealth*, Ky., 670 S.W.2d 851 (1984).

 An examination of the record discloses that the evidence of the age at time of commission of each prior offense was faultlessly developed. Through a Deputy Circuit Court Clerk, the Commonwealth proved each former crime by presentation of the indictment number, the nature of the offense charged, the *date of commission* of each crime, the date of conviction and the sentence received. Through the arresting officer, the Commonwealth proved that Liuzzi had given his birth date as July 23, 1932. Since the seven prior convictions were committed between 1969 and 1974, the jury could obviously subtract the dates and conclude that the defendant was between 36 and 42 when these crimes were committed. This was precisely the direct evidence envisioned by this court in *Hon, supra*, and failure to ask any witness of the ultimate conclusion is not error.

The other issue raised before the Court of Appeals was not considered by that court but, in the interest of appellate economy, will be considered by this court. Liuzzi contends that failure to move for directed verdict by reason of failure of proof of parole status, pursuant to KRS 532.080(3)(c), constituted ineffective assistance of counsel. This case was previously argued before this court on direct appeal and this evidence, or lack thereof, was not argued as error. Under the facts of this case, in its present posture, we cannot say that failure to make such motion constituted ineffective assistance of counsel under the standards of *Henderson v. Commonwealth*, Ky., 636 S.W.2d 648 (1982).

The Court of Appeals is reversed, and the judgment of the Jefferson Circuit Court is affirmed.

All concur except WINTERSHEIMER, J., who concurs in result only.