**Vernon E. HAYES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Oct. 31, 1985.

Michael A. Wright, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., John S. Gillig, Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

Appellant was involved in eleven (11) distinct criminal episodes occurring during a three-week crime spree. Eight (8) of these incidents took place in Warren County, Kentucky, in and around Bowling Green. Three (3) occurred nearby in Tennessee, with the stolen property being brought to Kentucky. Appellant was charged in two indictments with thirty-one (31) offenses based on the eleven (11) incidents. Additionally, in both indictments he was also charged with being a persistent felony offender (PFO).

The charges included four (4) counts of first-degree burglary, one (1) count of second-degree burglary, eleven (11) counts of theft by unlawful taking over $100, eleven (11) counts of receiving stolen property over $100, one (1) count of theft or possession of stolen motor vehicle registration plates, and three (3) counts of being an accomplice to all of these offenses.

At trial of the principal offenses he was convicted of twenty-eight (28) separate counts. This included ten (10) counts of theft by unlawful taking. Each of these theft counts had a corresponding count charging receiving stolen property for the same property specified in the theft charge.

At the PFO phase of the original trial there was a mistrial. Before the retrial of the PFO phase commenced the prosecutor acknowledged that the Commonwealth was required to elect between the receiving stolen property convictions and theft convictions for the same property. *See Jackson v. Commonwealth*, Ky., 670 S.W.2d 828 (1984). Accordingly, the Commonwealth asked for dismissal of the receiving stolen property convictions, and they were vacated. Thereafter, appellant was found guilty of being a first-degree persistent felony offender and his sentences were enhanced on the remaining eleven (11) counts of the indictment for which he had been earlier convicted. He received consecutive sentences, totaling 210 years imprisonment.

There are five (5) principal arguments on appeal:

1) The offenses, or some of them, should have been severed for trial.

2) The three offenses occurring in Tennessee should have been dismissed for lack of jurisdiction.

3) The Commonwealth failed to prove burglary in the first degree because the proof failed to show that guns stolen in the burglary were "ready for use."

4) At the persistent felony offender phase the Commonwealth failed to prove the appellant's age at the time of commission of the previous offenses.

5) The prosecutor was guilty of misconduct in closing argument.

The assignments of error charging that there should have been a severance, that the proof was insufficient to prove burglary in the first degree, and that there should be a reversal based on closing argument, are without merit. However, the arguments are well taken that charge lack of jurisdiction as to the three Tennessee offenses and failure of proof of appellant's age at the time of commission of previous offenses used to prove that the appellant was a persistent felony offender. Thus it is necessary that the case be reversed in part, and affirmed in part.

■ Before trial, the appellant moved for severance of the eleven separate episodes underlying the thirty-two separate offenses charged against him. All of the charges involved criminal occurrences closely related in character, circumstance and time. The offenses were sufficiently interwoven with each other, and the character of proof so overlapping, that it was a proper exercise of discretion for the trial court to join the various offenses for trial. RCr 9.16; *Russell v. Commonwealth*, Ky., 482 S.W.2d 584 (1972); *Ringstaff v. Commonwealth*, Ky., 275 S.W.2d 946 (1955). The trial court is not required to sever the offenses for trial where, as here, evidence of the other offenses would have been admissible had there been separate trials, all being part of a common scheme, pattern or design. *Marcum v. Commonwealth*, Ky., 390 S.W.2d 884 (1965).

■ The thrust of the appellant's claim of error on appeal with regard to severance is not that the offenses were so distinct, different and separated in time as to require severance, but that the repetition of so many different charges in one trial created a general prejudice so pervasive that the charges should be broken up; the sheer quantity of the offenses charged at one trial would carry with it an inference of guilt. Thus, the essence of the appellant's complaint is not prejudice from failure to sever unconnected instances of criminal activity, but prejudice from too many criminal charges being presented to the jury in the same trial. The trial court was never asked to consider relief on this ground, and thus the issue is unpreserved for review. *Cf. Bell v. Commonwealth*, Ky., 473 S.W.2d 820, 821 (1971). However, the nature of the proof in this case showed the criminal activity so interwoven that it is highly unlikely that severance would have been appropriate in any event.

■ Likewise, the complaint about the prosecutor's remarks in closing argument is unpreserved. On a number of separate occasions during closing argument, while discussing the burglaries, the prosecutor alluded to what might have happened had the victim been at home or come home while the crime was occurring. In each instance the appellant's objection was sustained and defense counsel asked for no further relief. Merely voicing an objection, without a request for a mistrial or at least for an admonition, is not sufficient to establish error once the objection is sustained. *Ferguson v. Commonwealth*, Ky., 512 S.W.2d 501 (1974). Nothing in this series of remarks approaches the threshold of a manifest injustice or due process argument.

In order to sustain its burden of proving the four first-degree burglary charges, the Commonwealth presented proof that the appellant, together with Ricky Sanders who testified against him, stole guns from the four homes in question. The appellant concedes that under KRS 511.020 one may be found guilty of first-degree burglary if, during the course of an unlawful entry to a building, he becomes armed with a deadly weapon. We have heretofore recognized that "one who enters a dwelling unarmed and steals guns becomes 'armed' with a deadly weapon within the meaning of KRS 511.020." *Daugherty v. Commonwealth*, Ky., 572 S.W.2d 861, 863 (1978). We have recently reaffirmed this decision in *Jackson v. Commonwealth, supra.*

The appellant's position is that the rule should be limited by requiring a further showing that the guns taken, while in the

possession of the burglar, are "ready for use." There is nothing in the statute indicating that the Commonwealth is required to present evidence to prove this further point.

■ In support of his argument appellant asks us to consider a hypothetical case where, unknown to the burglar, the guns may be in a footlocker or container which is taken from the house. These are not the facts of the present case, and we need not speculate as to what might be the rule in such circumstances. It suffices for the present case that the evidence is sufficient to conclude that the appellant left with the weapons knowingly in his possession and thus became "armed during the course of the burglary."

Three of the crimes occurred in nearby Tennessee. In two of them automobiles were stolen in Tennessee and brought to Kentucky. In the third a residence in Tennessee was burglarized, and much of the stolen property, which included eleven guns and miscellaneous items, was brought into Kentucky.

Before Kentucky has jurisdiction over these offenses, KRS 500.060(1)(a) requires that " [c]onduct ... which is an element of the offense occurs within this state." Indeed, if a statute of this state were to attempt to confer jurisdiction in Kentucky for an offense committed elsewhere it would violate both Section 11 of the Kentucky Constitution and the Sixth Amendment to the United States Constitution. "The courts of this state cannot take cognizance of crimes committed against the laws of a neighboring state." *Short v. Commonwealth*, 243 Ky. 175, 47 S.W.2d 1074, 1075 (1932).

KRS 452.580 is a *venue* statute which permits trial of a theft case in any county where the property is taken. But, whereas Kentucky may confer venue by statute, it cannot confer jurisdiction.

At common law the offense of larceny required proof of asportation or "carrying away" of the property, but this is no longer an element. *See* 1974 Commentary to KRS

514.030. As codified the crime is now theft by unlawful *taking*. It is a completed offense when the taking has occurred, regardless of asportation.

The Code provides a corollary to this change in the elements of larceny. The thief may now be convicted of receiving stolen property any place where he is found with the stolen property in his possession, because the coinciding offense of receiving stolen property, KRS 514.110, is now expanded to include a person who "retains" such property. This means that the thief is guilty of knowingly receiving stolen property wherever he is found with the property in his possession.

■ Thus, not only the Tennessee burglary offense which was, in fact, charged only as a theft of the property taken, but also the theft of the two automobiles, were completed offenses in Tennessee. In Kentucky, they should have been charged only as receiving stolen property. Unfortunately for the Commonwealth, having elected to obtain convictions for these three offenses both as theft by unlawful taking and receiving stolen property, the prosecutor subsequently conceded the overcharging and had the receiving stolen property offenses dismissed. We now order the theft in Tennessee offenses, counts eight (8) and twenty-four (24) of indictment 83–CR–464 and count one (1) of indictment 83–CR–485, dismissed.

■ The net result of having overcharged in the first instance, and then asking for the wrong convictions to be dismissed, is that both the theft by unlawful taking charges and the receiving stolen property charges relating to each of these Tennessee crimes have been vacated. The one charge is dismissed by this court because Kentucky has no jurisdiction. The other charge has already been vacated on motion of the Commonwealth made when after trial it conceded that the appellant could not be convicted of both theft and receiving as to the same property.

Older cases cited by the Commonwealth, such as *Tramwill v. Commonwealth*, 148

Ky. 624, 147 S.W. 36 (1912), which permitted trial in Kentucky of a horse stolen in another state and brought into Kentucky, are overruled to the extent that they are no longer applicable to the Code offense of theft by unlawful taking. These cases were grounded on the fact that "fresh asportation" was proof of the common law element of "carrying away." This is, however, no longer a necessary element of the larceny offense. It has been replaced by the term "exercises control over," which is completed at the time when the property is taken.

■ The Commonwealth committed error fatal to the prosecution of the appellant as a persistent felony offender when it failed to prove the appellant's age at the time the previous crimes were committed.

KRS 532.080(2) specifies the elements which must be proved as to prior criminal offenses which are used to establish status as a persistent felony offender. Subsection (b) provides:

"That the offender was over the age of eighteen (18) years at the time the offense was committed."

As used here, "the offense" refers to the *prior* offense charged in the persistent felony offender count, not to the *present* offense which will be enhanced by the offender's status as a persistent felon.

In *Hon v. Commonwealth*, Ky., 670 S.W.2d 851, 853 (1984), we held that "the Commonwealth must prove by direct evidence that the defendant was at least eighteen years old at the time he committed the previous offenses which serve as the basis for the persistent felony offender charge."

The Commonwealth introduced evidence proving the appellant's date of birth to be May 12, 1960, as shown by his driver's license, and the appellant so testified on cross-examination. Additionally, the Commonwealth introduced evidence of the date of *convictions* of previous offenses by testimony from the circuit clerk who testified from official records of judgments from Warren, Monroe and Metcalfe Circuit Courts. Comparing the date on appellant's

birth with these records, the appellant was eighteen years of age at the date of *conviction* appearing on three of the prior judgments and twenty-one years of age at the time of *conviction* on a fourth one. But there was no evidence presented in open court before the jury as to the date of *commission* of these prior offenses.

The Commonwealth filed indictments related to these various convictions into the record of the present case, and these indictments showed when the offenses were committed. But the record shows these indictments were filed with the circuit clerk in conference *before* the trial on the PFO charges took place. There is no indication in the record from either the testimony during the PFO trial or the transcript of the official stenographer, which lists the exhibits filed as evidence, that any evidence, indictments or otherwise, was ever introduced before the jury showing date of the commission of the offenses. This is required to complete the proof necessary for conviction as a persistent felony offender.

If the indictments were filed with the official records and were available to the clerk when testifying, the circuit clerk should have testified from them as to the date of *commission* of the prior offenses, as well as to the dates of *convictions* for the prior offenses. Contrary to the Commonwealth's claim, the record shows that the underlying indictments were filed with the circuit clerk as part of the record, but nothing was ever entered into evidence by official record or testimony to prove the date of the commission of the prior offenses.

■ The Commonwealth is correct that under our recent decision in *Commonwealth v. Liuzzi*, Ky., 685 S.W.2d 556 (1985), the Commonwealth need only to prove the birthdate of the offender and the date of commission of the prior offense. It need not offer testimony subtracting the one date from the other. However, we adhere to our decision in *Hon, supra*, requiring proof from which age at commission of the offense can be determined, "be-

cause the persistent felony offender statute is so clear in its requirements, and so strictly *penal* in nature." It is "improper" to establish age at the time of commission of the prior offense by "proof of an inferential nature." This means there must be direct evidence of the date the prior offense was committed, which, together with proof of the offender's date of birth, will prove age when the prior offense was committed. Age will not be inferred from the date of conviction.

Therefore, because the Commonwealth failed to prove the date of commission of the prior offenses, we reverse as to all the convictions as a persistent felony offender. This case is remanded to the trial court to enter a new judgment of dismissal as to counts eight (8) and twenty-four (24) of indictment 83–CR–464 and count one (1) of indictment 83–CR–485, the three Tennessee offenses, and further, to vacate and dismiss the enhanced sentences as a persistent felony offender as to the remaining counts. Otherwise the convictions and sentences are affirmed.

STEPHENS, C.J., and AKER, GANT, LEIBSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

STEPHENSON, J., not sitting.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from that part of the majority opinion which reverses a portion of the judgment of conviction.

The fact that *Jackson, supra,* precludes conviction for both theft and receiving, does not require the prosecutor to elect between the two offenses and vacate one or the other as *Jackson* states specifically at page 833.

> If the conviction for theft by unlawful taking should later be reversed by further appeal the judgment for knowingly receiving stolen property may be reinstated.

The judge may vacate the merged offenses, but I do not believe the prosecutor is required to elect to his prejudice.

KRS 514.030 does not prevent a conviction for theft where the defendant exercised control of the property and automobile in both Tennessee and Kentucky. The theft of a vehicle is not complete with the taking or exercising of control because the joy-riding statute, KRS 514.100, may be applicable. However, the continuous exercise of control which occurred in Kentucky is indicative of the distinguishing element of this offense, "with intent to deprive."

I would affirm the conviction in all respects.