**James Elliott JACKSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Feb. 6, 1986.

Michael A. Wright, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Frankfort, Kay Winebrenner, Penny R. Warren, Asst. Attys. Gen., for appellee.

GANT, Justice.

Appellant was convicted of first degree escape from the Calloway County Jail, theft of an automobile in effecting his escape, and first degree wanton endangerment in holding a knife at the throat of a deputy jailer. The evidence of the crimes was overwhelming, and no issue is raised thereon. He received a sentence of 20 years as a first degree persistent felony offender, and appeals as a matter of right.

Two issues are presented on appeal. The first issue involves a notice of intent to rely upon the defense of insanity pursuant to KRS 504.070, and a motion for continuance or postponement of trial. Counsel was appointed 21 days prior to trial, and nine days before trial filed his notice of intention to rely upon the defense of insanity. Motions for continuance were made, the thrust of those motions for the purpose of this appeal being that trial counsel required additional time to investigate the viability of this insanity defense. Appellant contends that the denial of these motions for continuance was reversible error.

■ The statute relating to notice of defense of insanity—KRS 504.070(1)—requires that such notice be filed at least 20 days before trial. The obvious and declared purpose of this time requirement is to "eliminate the defendant's advantage of surprise and to better enable the judicial process to resolve the issue of insanity." *Commentary to Penal Code* (1974). It is beyond question that, under the time circumstances of this case, it would have been virtually impossible for appellant's trial counsel to comply with the notice provision; and if this had been a bona fide defense, asserted in good faith and upon showing of sufficient cause, a postponement should have been granted. *Cf. Ronson v. Commissioner of Correction of the State of New York*, 604 F.2d 176 (2nd Cir.1979), in which the court held that failure to grant a continuance under the cause shown in that case violated the rights of the defendant under the 6th Amendment to the U.S. Constitution.

■ We find no violation of the rights of the appellant in this case. The entire force

of the appellant's argument on this point is that denial of his motion for continuance prevented him from "exploring" the possibility of the insanity defense. Our rule is quite specific, and reads:

RCr 9.04. Postponement of hearing or trial—Motion and affidavit.—The court, upon motion and sufficient cause shown by either party may grant a postponement of the hearing or trial. A motion by the defendant for a postponement on account of the absence of evidence may be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it.

In this case there was absolutely no showing of "sufficient cause" which would justify a postponement of the trial; in fact there was no cause at all shown. The appellant had no history of mental disorders or psychiatric treatment. He had not consulted with or been treated by a psychiatrist or psychologist. No affidavit was filed or cause shown which would indicate that trial counsel had made any quest for specific evidence, material or otherwise, which was founded on any belief of counsel or conduct of appellant. The procedure utilized by appellant, under these circumstances, seems little more than a subterfuge to obtain a delay in the proceedings, and the actions of the trial court in this case were proper. We know of no right under the 6th Amendment which would permit a defendant to embark upon a "fishing expedition" on dry land and without bait. *Cf. Hicks v. Commonwealth,* Ky., 670 S.W.2d 837 (1984).

■ It is the opinion of the court that a motion for continuance predicated upon the assertion and notice of an insanity defense under KRS 504.070 is subject to the requirements of RCr 9.04, and will be granted only upon showing of sufficient cause to justify the postponement and that such motion shall be accompanied by affidavit as prescribed in that rule.

■ The second issue argued to this court concerns the persistent felony offender phase of the trial and is based upon appellant's contention that presentation by an admittedly proper witness of unsigned orders and judgments was fatal to his conviction as a PFO I. We disagree. There is no statutory requirement under KRS 532.-080 that any judgment be entered into the record when proving the prior conviction. Herein, duly certified copies of the court records were entered proving the prior convictions and sentence, and the presumption of regularity of said records precludes the appellant from speculating that there was any invalidity attached to his prior convictions. *See Kendricks v. Commonwealth,* Ky., 557 S.W.2d 417 (1977). Here, as in *Kendricks,* there is no allegation that the irregularity existed; there is merely an allegation that the record does not show the absence thereof. This is not sufficient.

The judgment of the Calloway Circuit Court is affirmed.

All concur.