**COMMONWEALTH of Kentucky, Movant,**

v.

**Terry MIXON, Respondent.**

**No. 91–SC–335–DG.**

Supreme Court of Kentucky.

April 9, 1992.

Chris Gorman, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for movant.

John F. Faust, Sholar, Faust and Shackelford, P.S.C., Hazard, for respondent.

SPAIN, Justice.

Respondent was convicted by a jury of second-degree assault for slashing another man with a knife, and of being a first-degree persistent felony offender (PFO). His punishment was fixed at ten years for the assault, enhanced to fifteen years by reason of his PFO status. At issue is whether the necessary elements of a PFO charge may be proved by the oral testimony of a circuit clerk from records in her custody, without the necessity of introducing into evidence certified copies of the judgments. The Court of Appeals panel by a 2–1 vote answered the question in the negative, reversing the PFO conviction and sentence, and holding that the respondent could not again be tried thereon. The cause was ordered remanded for resentencing on the assault conviction. We granted discretionary review and now reverse the Court of Appeals and affirm the PFO conviction and enhanced sentence.

First of all, as this Court held in *Jackson v. Commonwealth,* Ky., 703 S.W.2d 883 (1986), "There is no statutory requirement under KRS 532.080 that any judgment be entered into the record when proving the prior conviction."

Here a deputy McCracken Circuit Court Clerk testified under oath from criminal records in her possession involving the respondent. The transcript of evidence reflects clearly that she read from those records at length, and in answer to several questions asked by the Commonwealth, read verbatim extracts. The testimony given methodically supplied each element necessary for a first-degree PFO conviction. There was no objection interposed pursuant to RCr 9.22 at any time by the defense, either to the method of proof or to the testimony elicited. After direct examination, defense counsel engaged in a brief cross-examination.

Moreover, at the close of the prosecution's proof, there was no motion by defense counsel for a directed verdict as to the PFO charge nor did the defense have any objection to the proposed instructions to the jury submitting the PFO charge.

It is abundantly clear that there was no issue preserved for appellate review regarding the proof of the elements of the PFO charge. It is neither unfair nor unreasonable to assume under these circumstances that trial defense counsel was completely satisfied as to the authenticity and correctness of the testimony and the underlying records. Had she not been so convinced, it would have been the simplest matter imaginable to have objected to the testimony. At that point, the Commonwealth could then have moved the introduction into evidence of the written records, and had they not been properly authenticated, the defense could again lodge an objection to preserve the question for appellate review.

There are sound reasons for not offering into evidence complete written records as to prior convictions but rather to permit the jury to hear only relevant testimony extracted therefrom. Frequently there are additional charges which were joined but

on which the defendant was acquitted. "Laundering" or "sanitizing" is necessary to prevent unnecessary prejudice to the defendant.

This Court has on several occasions condoned or even instructed trial participants to offer oral testimony as to selected contents of written court documents. In *Kendricks v. Com.*, Ky., 557 S.W.2d 417 (1977), the accused was convicted of first-degree robbery and of being a persistent felon. On appeal he attacked the sufficiency of the evidence to support the PFO conviction. In upholding the conviction, the Court stated at page 419:

> It is true that the records of the Jefferson Circuit Court, which were read to the jury for the purpose of establishing Kendricks' conviction for two prior felonies, did not affirmatively show that the guilty pleas upon which the convictions were based were freely and voluntarily entered. The Commonwealth did not prove that the trial court ever signed the judgments in the order book. However, Kendricks has not alleged that either of these possible defects in the validity of these convictions exist. The record does reveal that on each of the convictions Kendricks was represented by able counsel. Upon being sentenced he was asked in the presence of his counsel if he had any reason to show why he should not be sentenced on the convictions. No reason was shown. This court is of the opinion that the presumption of regularity of the Jefferson Circuit Court orders precludes Kendricks from speculating that the recorded convictions are invalid. *Ingram v. Commonwealth*, Ky., 427 S.W.2d 815 (1968).

Similarly in *Garner v. Com.*, Ky., 645 S.W.2d 705 (1983), we held that duly proven records of the Bureau of Corrections would suffice as proof of the defendant's age and parole status in PFO proceedings. It was therein stated:

> Additionally, the information should be received by testimony from the records and not by introduction of the records themselves, as we would restrict this evidence to proof of age and parole status alone. *Id.* at 707.

In *Hayes v. Com.*, Ky., 698 S.W.2d 827 (1985), this Court held there was insufficient proof as to a PFO charge because the dates of commission of prior offenses had not been established. The opinion recited:

> If the indictments were filed with the official records and were available to the clerk when testifying, the circuit clerk should have testified from them as to the date of *commission* of the prior offenses, as well as to the dates of *convictions* for the prior offenses. *Id.* at 831.

■ In conclusion, we hold that under these circumstances it is not mandatory for certified copies of judgments of conviction to be admitted into evidence in support of a PFO charge. It is sufficient for oral testimony based upon documentary evidence to be received in support of the elements of the charge. In the absence of objection at trial, failure to admit the documentary evidence will not be reviewed on appeal.

The decision of the Court of Appeals is reversed and the judgment and enhanced sentence of the McCracken Circuit Court is affirmed.

STEPHENS, C.J., and LAMBERT, REYNOLDS and WINTERSHEIMER, JJ., join in this opinion.

COMBS and LEIBSON, JJ., dissent by separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

In a well-written Opinion, quoted in its entirety in the Dissent filed herein by Justice Combs, the Court of Appeals reversed the trial court because previous convictions were proved by inadmissible evidence. The reasons for reversal are fully stated by the Court of Appeals, and I need not repeat them here.

The Majority Opinion states the respondent failed to adequately preserve by contemporaneous objection his arguments that inadmissible evidence was used against him. This much his counsel has conceded in his Brief, and if the Majority Opinion

was limited simply to reversing for lack of preservation, I would understand the decision, although I might differ with the conclusion.

However, the Majority has used this case as a vehicle to destroy long-standing, traditional rules of evidence relevant to proving the contents of judgments and to using the best evidence. Much of what has been written in the Majority Opinion is fundamentally unsound for the reasons stated in the Court of Appeals' Opinion (quoted in Justice Combs' Dissent herein).

I cannot agree that the contents of judgments should be proved by means other than the judgment itself or a duly authenticated copy of the judgment. It may be appropriate for clerks to testify from judgments, but certainly it is not appropriate for clerks to testify from miscellaneous, unidentified hearsay sources.

Hopefully prosecutors will still feel constrained to follow the rules of evidence in sentencing procedures, even though this case, as well as our recent decision in *Boone v. Commonwealth*, Ky., 821 S.W.2d 813 (1992), might suggest that evidence rules no longer have a place in a sentencing hearing.

COMBS, Justice, dissenting.

I respectfully dissent from the majority opinion and would affirm the Court of Appeals.

All four of the prior convictions underlying the PFO phase of this case occurred in the state of North Carolina. KRS 422.040 should govern this situation. The pertinent portion of that statute is as follows:

> The records and judicial proceedings of any court of any state, attested by the clerk thereof in due form, with the seal of the court annexed if there be a seal, and certified by the judge, chief justice, or presiding magistrate of the court, shall have the same faith and credit given to them in this state as they would have at the place from which the records come.

This law conforms to the full faith and credit requirement of our federal constitu-

tion, and the acts of Congress enacted pursuant thereto. Our Civil Rule 44.01 and our Criminal Rule 9.44(1) contain similar provisions. Under our statutes, a certified copy of a court record constitutes prima facie evidence of the facts stated in that record. If the dictum in *Jackson v. Commonwealth* (ante at 690) eliminates the necessity of proving these records as set forth in our statutes and rules, one must wonder: why in the world did the General Assembly, the civil rules committee, the criminal rules committee, and this Court go to all the trouble of adopting them? It should be remembered that the people gave this Court rule-making powers under our present constitution. Section 116 empowers this Court to promulgate rules of practice and procedure before the courts of justice. This being the case our rules become an adjunct to our constitution and should be binding.

I am aware that under CR 44.03 and RCr 9.44(3) the rules do not prevent the proof of official records by "any other method authorized by law." I am not aware, however, of any law authorizing the method employed in this case. Quite to the contrary, the time-honored "best evidence rule" would make inadmissible the testimony upon which this PFO conviction was based. Neither the *Jackson* decision, nor any other before today's, has abrogated the best evidence requirement. I defend the rule not because it is old, but because it is wise and just. Why substitute second-hand testimony as to the contents of a document for the immensely more reliable evidence provided by the document itself?

The opinion written by the late learned Judge West of the Court of Appeals answers all of the questions presented in this case, thoroughly and accurately. The following is a portion of that opinion:

> "Appellant raises three (3) allegations of error, none of which were properly preserved for review by objections pursuant to RCr. 9.22. We also note that there was no motion for directed verdict at the close of the sentencing phase. There is a fourth claim that the cumulative effect of all these alleged errors require reversal. We agree and reverse the Persistent Felony Offender portion of the judgment.

"All of the complaints arise from the Persistent Felony Offender phase of the proceedings. The indictment charged Mixon with four (4) prior felony convictions, all of which occurred in North Carolina. Proof of these convictions was presented through the oral testimony of a clerk of the McCracken Circuit Court. The North Carolina records were not offered into evidence, nor authenticated or certified in any manner. In fact, the record reveals that the jury received no evidence, other than the oral testimony of a clerk, which would prove the prior felony convictions, appellant's age at the time of the commission of the crimes, or that he was discharged from or had completed sentence on any of the prior felonies within five (5) years of the current assault.

"It is clear that the Commonwealth has the burden of proving every element of the charge. *Adams v. Commonwealth*, Ky., 551 S.W.2d 561 (1977). There are numerous cases which discuss the sufficiency of the Commonwealth's proof on those essential elements of the PFO charge. *Hon v. Commonwealth*, Ky., 670 S.W.2d 851 (1984); *Commonwealth v. Liuzzi*, Ky., 685 S.W.2d 556 (1985); *Hayes v. Commonwealth*, Ky., 698 S.W.2d 827 (1985). The more recent cases point out that the Commonwealth need not offer testimony subtracting one date from the other in order to prove age at the time of the offense. *Liuzzi, supra*, at 557. Nonetheless, there is a need for direct evidence of the date of the *commission* of the prior offenses as well as proof of the offender's date of birth. *Hayes, supra*, at 832.

"The Commonwealth argues that there is no *statutory* requirement that the judgments themselves be entered into the record when proving the prior conviction, and with this statement, we must agree. *Jackson v. Commonwealth*, Ky., 703 S.W.2d 883 (1986). Nevertheless, we have reviewed numerous cases which concern the issue of proof of the prior felony convictions and have found none where the PFO conviction was upheld in the absence of *some* official record or judgment.

"In *Hayes, supra*, the judgment was reversed because there was 'no indication in the record from either the testimony during the PFO trial or the transcript of the official stenographer, which lists the exhibits filed as evidence, that any evidence, indictments or otherwise, was ever introduced before the jury showing date of the commission of the offenses.' *Id.* at 831. In *Callison v. Commonwealth*, Ky.App., 706 S.W.2d 434 (1986), we held that probation and parole records may not be used to prove prior felony convictions under KRS 532.080. Earlier cases, arising under the former habitual criminal act, KRS 531.090, required authenticated records of foreign jurisdictions to show previous convictions. *Hardin v. Commonwealth*, Ky., 428 S.W.2d 224 (1968); CR 44.01. In the case at bar, we are unable to determine whether there were proper records available or whether the clerk was simply testifying from 'a statement of charges' prepared by the prosecution. At any rate, we believe that only a duly authenticated or certified record of a judgment and conviction can be used to prove the fact of a prior conviction. If the statute does not impose that simple requirement, the case law certainly implies it. *See*, e.g., *Commonwealth v. Gadd*, Ky., 665 S.W.2d 915, 917 (1984); *Hayes, supra;* and, *Jackson, supra*, at 885.

"The question then becomes whether this Court is prevented from reviewing the error because of trial counsel's failure to raise or preserve the issue for appeal. RCr. 10.26 permits this Court, on appeal, to consider a substantial or palpable error even though it is not properly preserved for review. The test for determining if an error is palpable, under this rule, is whether it is substantive and obvious or otherwise seriously affects the fairness, integrity, or public reputation of the judicial proceeding. *Jackson v. Commonwealth*, Ky. App., 717 S.W.2d 511 (1986); *U.S. v. Indiviglio*, 352 F.2d 276 (2nd Cir.1965). If the reviewing court finds that substantial rights of a party have been affected and manifest injustice has resulted, it may use its extraordinary power to reverse the conviction. *Stone v. Commonwealth*, Ky., 456 S.W.2d 43 (1970).

"It is difficult to conceive of a situation more detrimental to a defendant's substantial rights than where the Commonwealth simply fails in its burden to prove the basic

elements of the charges against him [and yet conviction follows]. In the case at bar, the evidence was woefully inadequate on all of the elements of the PFO offense. While some of the errors standing alone might be insufficient for reversal (particularly where, as here, they are unpreserved), the cumulative effect of the errors requires reversal of the PFO conviction. *Pennington v. Commonwealth*, Ky.App., 577 S.W.2d 19 (1978)."

Justice under law was one of the primary goals of our founding fathers. Due process and fair trials were obviously intended to accomplish that goal. On whose shoulders does this burden rest? On the shoulders of the sovereign, or on defense counsel? I think it's quite obvious that there is a constitutional obligation placed upon the state to protect the people.

> A judge looking at a constitutional decision may have compulsions to revere past history and accept what was once written. But he remembers above all else that it is the constitution which he swore to support and defend, not the gloss which his predecessors may have put on it.

Douglas, "Stare Decisis," 49 Columbia L.Rev. 735, 736 (1949).