RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0454-MR

DEQONTAY L. DUNNAWAY                                   APPELLANT

v.
APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE JOHN DAVID SIMCOE, JUDGE
ACTION NO. 19-CR-00123

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: DeQontay L. Dunnaway, *pro se*, appeals the Hardin Circuit

Court's March 25, 2022, Order denying him Kentucky Rules of Criminal

Procedure (RCr) 11.42 relief. We affirm.

## BACKGROUND

In September of 2019, following a jury trial in the Hardin Circuit Court, Dunnaway was convicted of trafficking in a controlled substance in the first degree, first offense, and being a persistent felony offender in the first degree (PFO1). He was sentenced to twenty-years' imprisonment and filed a matter of right appeal to the Kentucky Supreme Court. His conviction was affirmed by a Memorandum Opinion of the Supreme Court rendered January 21, 2021. Therein, the Supreme Court summarized the pertinent facts as follows:

> On January 27, 2019, Kentucky State Police Trooper John Adams effected a traffic stop on a vehicle operated by Dunnaway for speeding and improper lane usage. Trooper Adams detected the smell of burnt marijuana as he approached the vehicle. Dunnaway was asked to exit the vehicle and accompany Trooper Adams to his cruiser. Upon questioning, Trooper Adams learned Dunnaway did not have a valid operator's license and the vehicle had been rented by Dunnaway's passenger, Adria Shouse, two days earlier. Dunnaway refused Trooper Adams' request to search the vehicle.
>
> While Trooper Adams and Dunnaway were sitting in the cruiser, Trooper Richard Ellis arrived on scene and approached the vehicle to speak with Shouse. Trooper Ellis smelled burnt marijuana and noticed an open alcoholic beverage container in the vehicle. Shouse denied smoking marijuana and refused a request to search the vehicle.
>
> Dunnaway and Shouse gave inconsistent stories about their travels. Dunnaway was evasive in answering some of the Troopers' questions and he became nervous and agitated when pressed about marijuana usage. Based

on their observations and belief contraband was in the vehicle, the Troopers executed a warrantless search and located a black bag behind the driver's seat. Within the black bag was a sealed bag containing approximately 220 grams of cocaine and another bag containing 499 pills which appeared to be ecstasy and several of which tested positive for methamphetamine. Dunnaway and Shouse were both arrested and Dunnaway admitted the drugs belonged to him.

Dunnaway was indicted for trafficking in a controlled substance (cocaine), first degree, second or subsequent offense, trafficking in a controlled substance (ecstasy, greater than ten dosage units), second degree, second or subsequent offense, and PFO I. Dunnaway filed a pretrial motion to suppress the evidence seized, asserting the warrantless search of the rented vehicle was improper and did not fall within an exception to the warrant requirement and further, that the roadside detention was improperly extended beyond the time necessary to issue the appropriate traffic citations. Following a hearing, the trial court denied the motion. A subsequent motion to set aside or vacate the order denying suppression was likewise denied.

. . . .

During trial, the Commonwealth dismissed the trafficking charge related to ecstasy and the second or subsequent offense portion of the other trafficking charge. The jury found Dunnaway guilty of the remaining counts and recommended a sentence of twenty years' imprisonment. He was subsequently sentenced in conformity with the jury's recommendation[.]

*Dunnaway v. Commonwealth*, No. 2019-SC-0730-MR, 2021 WL 234773 at *1-2

(Ky. Jan. 21, 2021).

On January 18, 2022, Dunnaway filed a timely RCr 11.42 motion, arguing[1] he had been denied effective assistance of counsel because his trial counsel had failed to: (1) challenge the length of his traffic stop by Troopers Ellis and Adams; and (2) communicate his acceptance of a plea offer from the Commonwealth prior to the offer's deadline. The circuit court denied his motion without granting him an evidentiary hearing. Additional facts will be discussed in the course of our analysis. This appeal follows.

STANDARD OF REVIEW

Every defendant is entitled to reasonably effective, but not necessarily errorless, counsel. *Fegley v. Commonwealth*, 337 S.W.3d 657, 659 (Ky. App. 2011). In evaluating a claim of ineffective assistance of counsel, a movant must show that counsel's deficient performance prejudiced his defense as articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard applies equally when defendants allege they declined a plea offer in favor of going to trial, based on counsel's ineffectiveness. *See Osborne v. Commonwealth*, 992 S.W.2d 860, 864 (Ky. App. 1998).

---

[1] In his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion, DeQontay Dunnaway also argued his trial counsel was ineffective for failing to argue that certain items the troopers testified were found in his vehicle (a cigarillo and a container of alcohol) should have been collected and preserved as evidence. The circuit court rejected this argument, and Dunnaway has abandoned it on appeal.

Under *Strickland*, the movant must first prove his counsel's performance was deficient by demonstrating counsel's representation "fell below an objective standard of reasonableness" such that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment[.]" *Commonwealth v. Tamme*, 83 S.W.3d 465, 469 (Ky. 2002). Second, the movant must prove counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Our review proceeds accordingly.

ANALYSIS

On appeal, Dunnaway argues the circuit court erred in rejecting both of his claims of ineffective assistance set forth above without first giving him the benefit of an evidentiary hearing. However, it is only when the Commonwealth's answer to an RCr 11.42 motion "raises a material issue of fact that cannot be determined on the face of the record [that] the court shall grant a prompt hearing[.]" RCr 11.42(5). With that in mind, the circuit court committed no error with respect to Dunnaway's first argument. We quote and adopt the circuit court's analysis as set forth in its final order:

> Dunnaway's first claim is that his attorney failed to challenge the length of his detention in a motion to suppress. This claim is not factually correct as his counsel did in fact, in a motion to suppress, request the Court to examine the length of time he was detained on the underlying traffic offenses. The facts heard at the suppression indicated that Trooper Adams was actively attempting to get Dunnaway's operator's license

> information when Trooper Ellis approached the vehicle
> and smelled the odor of burnt marijuana. Roughly five
> minutes elapsed from the stop to Trooper Ellis's arrival
> and approach of the vehicle. There is no ineffective
> assistance of counsel when an attorney brings a motion
> but does not prevail in that motion. The Court found
> there was no extension of the traffic stop in its order
> entered on August 22, 2019.

March 25, 2022, Order, Record at 234.

We also agree with the circuit court's determination that Dunnaway was not entitled to an evidentiary hearing regarding his second argument as pertains to his counsel's alleged failure to accept the Commonwealth's plea offer made prior to trial. Some additional background is necessary to address this agreement. The Commonwealth made a plea offer to Dunnaway on Thursday, September 5, 2019, with an acceptance deadline of Friday, September 6, 2019, at 1 p.m.[2] This offer, had it been accepted, would have resulted in a more favorable outcome for Dunnaway; namely, in exchange for his unconditional guilty plea, it would have permitted him a sentence of twenty-years' imprisonment with a possibility of parole after serving 20 percent of his sentence. Dunnaway's counsel

---

[2] On page 13 of Dunnaway's brief on appeal, he argues his trial counsel was also ineffective "by not alerting defendant of a deadline in the first place." Dunnaway provides no citation to where in the record he raised this argument below. Moreover, Dunnaway did not raise this argument in his RCr 11.42 motion. Accordingly, we are not at liberty to address it. When the grounds of the argument are "different from those asserted in the court below, [they] are not properly preserved for appellate review." *Daugherty v. Commonwealth*, 572 S.W.2d 861, 863 (Ky. 1978) (citations omitted). "Our jurisprudence will not permit an appellant to feed one kettle of fish to the trial judge and another to the appellate court." *Owens v. Commonwealth*, 512 S.W.3d 1, 15 (Ky. App. 2017) (footnote omitted).

related the offer to him, but no plea agreement was ultimately formed because Dunnaway, by and through his counsel, did not timely accept the Commonwealth's offer.

The dispositive issue for this appeal is whether the record conclusively demonstrates Dunnaway failed to unequivocally instruct his counsel to accept the Commonwealth's offer prior to when it expired. To that point, Dunnaway alleged in his RCr 11.42 motion that he had instructed his attorney to respond to the Commonwealth's plea offer: (1) by agreeing to it, provided the offer also permitted him a thirty-day, pre-incarceration "furlough;" or, in the event no furlough would be permitted, (2) by timely accepting the Commonwealth's offer.[3]

---

[3] The relevant allegation set forth in Dunnaway's RCr 11.42 motion was:

> In the final week before trial the Hardin County Commonwealth Attorney offered [Dunnaway] 20-year sentence with 20% parole eligibility under the subsequent offender standard. When offer was presented to [Dunnaway], he accepted the offer with a counter offer asking the court for a "Furlough" to get his affairs in order before turning himself in. He then alerted his attorney that if the "Furlough" was not accepted then he would still accept the offer.

> Counsel after presenting this information to his client contacted the Commonwealth Attorney about said counter and the Commonwealth denied the counter. Counsel then contacts [Dunnaway] in which time [Dunnaway] tells counsel I still accept the offer. Counsel failed to meet the deadline set by the Commonwealth and attempted to complete the deal after the deadline in which case the Commonwealth denied the attempt.

The circuit court disagreed that resolving and rejecting these allegations required an evidentiary hearing, basing its holding upon what the Commonwealth, Dunnaway, and Dunnaway's attorney (Peale) related about their plea negotiations during the final pretrial hearing on September 9, 2019, the only occasion when the plea negotiations were discussed on the record. The circuit court explained there was no "meeting of the minds" between the parties because, in its view, Dunnaway had only authorized his counsel to respond to the Commonwealth by "accepting" its offer but adding two conditions: (1) the aforementioned furlough; and (2) the right to appeal the trial court's denial of his motion to suppress evidence from trial. The circuit court held that the addition of these conditions converted Dunnaway's response to the Commonwealth into a counteroffer, which does not qualify as an acceptance under principles of contract law. *See, e.g., Casner v. Oldham*, 279 S.W.2d 252, 255 (Ky. 1955) ("An acceptance must correspond to the offer at every point and conclude the agreement.").

We will summarize what transpired at the September 9, 2019, hearing prior to trial. There, Attorney Peale first broached the subject of the Commonwealth's plea offer by agreeing it had expired, and that "part of the reason

---

Memorandum in Support of RCr 11.42 Motion, Record at 200-01.

there's been these sticking points as far as having an agreement [was] because [Dunnaway] *wants* a conditional plea preserving his right to appeal the pretrial motions and rulings, and that's not part of what the Commonwealth's position is." (Emphasis added.)  Peale then made a novel request of the circuit court to allow Dunnaway to accept the Commonwealth's expired offer, and to also allow Dunnaway to enter a conditional guilty plea preserving his right to appeal the pretrial motions and rulings.  Dunnaway sat next to Peale during the hearing and did not correct Peale – or the record – when Peale made these representations.  The circuit court rejected this request from the bench, explaining that because Dunnaway had never entered any agreement with the Commonwealth permitting those options, Dunnaway's only recourse – assuming he still wished to plead guilty – would be an unconditional open plea with no guarantees regarding the length of the resulting sentence.

Subsequently, Peale told the trial court that he needed to speak with Dunnaway about a few matters, and the trial court took a brief recess.  Upon returning to the courtroom, Dunnaway addressed the court, insisting he "agreed to the 20;" that "the only objection [he] had was to get a furlough;" and that "even if [he] hadn't got the furlough, [he] would've still accepted the 20."  Peale similarly indicated Dunnaway had "instructed" him prior to the deadline "that the 20 would be what he would be receptive to," and that Dunnaway indicated that "again" when

Peale spoke with him after the deadline had expired.  Peale stated he believed what he had related to the Commonwealth on behalf of Dunnaway prior to 1 p.m. on Friday qualified as a "timely" "acceptance of the 20."  Peale stated that when he contacted the Commonwealth at or about 5 p.m. on Friday, he did so merely to "reiterate that Mr. Dunnaway would take the 20."  Further clarifying Dunnaway's position, Peale stated:

> It was still my understanding that the 20 was on the table, that the 20 was accepted by the defendant, and that we could ask the court, um, regarding the conditional plea and regarding the furlough subsequent to that.  But that was, that was my understanding, that the 20 was still on the table.

September 9, 2019, Hearing, Video Record 9:05:53-9:53:20.

Based on the hearing record, Dunnaway's statement that he instructed his attorney that he wanted to take the Commonwealth's offer, or that he was willing to accept "the 20," meant something other than pure acquiescence.  Rather, his apparent desire – even days after the Commonwealth's offer of an unconditional plea had expired – was to make a timely (albeit piecemeal) acceptance of the *sentence* the Commonwealth was offering, but to reserve settling two other terms of his conviction for later agreement or the trial court's resolution: (1) his requested furlough; and (2) his request for a conditional guilty plea.

Even if we were to grant Dunnaway the benefit of the doubt that his request for a furlough was immaterial to whether he accepted the Commonwealth's

-10-

offer, the record conclusively refutes the proposition that Dunnaway instructed Peale to agree to an unconditional guilty plea before the offer expired or at any time thereafter. Indeed, in his brief before this Court, Dunnaway does not argue he instructed his attorney to accept the Commonwealth's proffer of an unconditional guilty plea. Nor does he address the circuit court's conclusion, as set forth in its order denying his RCr 11.42 motion, that his failure to agree on that term – an essential term – precluded his effective acceptance of the Commonwealth's offer. In short, Dunnaway's failure to reach a plea agreement with the Commonwealth was not because his attorney was ineffective in conveying his response to the Commonwealth. Rather, as Dunnaway readily admits in his motion below, the response was a "counter-offer" not an acceptance of the plea as offered by the Commonwealth. Memorandum in Support of RCr 11.42 Motion, Record at 200-01. Under these circumstances, counsel was not ineffective.

CONCLUSION

For the foregoing reasons, we affirm the Hardin Circuit Court's March 25, 2022, Order denying Dunnaway RCr 11.42 relief.

ALL CONCUR.

BRIEF FOR APPELLANT:

DeQontay L. Dunnaway, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky