Billy James GARNER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Feb. 16, 1983.

Jack Emory Farley, Public Advocate, Frankfort, for appellant; Robert J.W. Howell, Covington, of counsel.

Steven L. Beshear, Atty. Gen., Frankfort, H. Davis Sledd, Asst. Atty. Gen., Lexington, for appellee.

GANT, Justice.

Appellant was convicted of two counts of trafficking in Schedule II narcotics in August, 1982, and sentenced to five years' imprisonment on each count. The same jury, at the recidivist portion of the bifurcated proceedings, enhanced the sentences to ten years and 20 years, which were ordered by the court to run concurrently.

This appeal emanates from the Persistent Felony Offender proceedings, appellant urging two grounds for reversal. The first ground is that the testimony of a probation and parole officer of the Commonwealth, utilized to prove the age and parole status of the appellant, constituted hearsay evidence and was thus inadmissible.

KRS 532.080 requires the Commonwealth to prove, in order to establish guilt as a persistent felony offender, that the defendant had previously been convicted of a felo-

ny, his age and his parole status. In order to prove the latter two elements, the Commonwealth had originally subpoenaed the supervisors of records of the Bureau of Corrections, Department of Justice, but she was unavailable and another officer was used. This officer brought with her the Bureau of Corrections file on the appellant, testifying therefrom, anent the age and parole status of the appellant. It should be pointed out at this juncture that no complaint is made that the information was inaccurate, merely that it was hearsay.

It is the opinion of this court that the testimony given falls within the "Regular Business Entries" Exception to the Hearsay Rule. That exception is clearly defined in Lawson, *Kentucky Evidence Law Handbook,* Sec. 8.65(B), p. 169, as follows:

(B) Regular Business Entries: A record (memorandum report, documents, etc.) of an act, event, condition, or diagnosis if the record (i) constitutes an original entry, (ii) was made in the course of regularly conducted business activity, (iii) was made at or near the time of the phenomenon which it represents, (iv) was made under circumstances which do not indicate a lack of trustworthiness; and (v) the party offering it shows a need for introduction of the record rather than the testimony of the person who made it or caused it to be made.

In considering the five applicable criteria in the present case, we note first that the record from which the testimony was given was (i) a proper copy of the original entry, (ii) was made in the regular conduct of the affairs of the Bureau of Corrections, (iii) indicates on its face that the entries were made at or near the time of the events which they represent, with the exception, of course, that the age of the appellant was not entered at or near his birth. However, as the trial judge indicated, in the absence of a birth certificate, age is always hearsay. The circumstances herein do not indicate any lack of trustworthiness and, as heretofore stated, the correctness of the entries is not disputed. To paraphrase Wigmore, *Evidence,* Sec. 1707,

the calling of all the individual officers who compile the records on a recidivist would be a serious interference with the management of the Department. There is a circumstantial guarantee of trustworthiness, for the records herein are made and relied upon in the affairs of the Department. Few officers of the Department, in light of the scores of criminal cases with which they deal, can recall from actual memory the specific data entered in such a record. These officers themselves rely upon the record and hence to call them to the stand would ordinarily add little or nothing to the information furnished by the record alone. The occasional errors or omissions occurring in the routine work of a large staff are no more an obstacle to the general trustworthiness of such records than are the errors of witnesses on the stand. Also, the power of the courts to summon for examination the members of the recording staff is a sufficient corrective where it seems to be needed and a bona fide dispute exists. This section was cited with approval in *Whittaker v. Thornberry,* 306 Ky. 830, 209 S.W.2d 498 (1948), and in *Bellew v. Commonwealth,* Ky., 477 S.W.2d 779 (1972).

In regard to the showing of necessity, this court has disposed of that in the case of medical records in *Buckler v. Commonwealth,* Ky., 541 S.W.2d 935, 938 (1976). "(T)he necessity requirement for the introduction of this type of evidence is satisfied by the very nature of the evidence sought to be introduced." As *Buckler* relates, the necessity requirement for the introduction of hearsay evidence in the form of record entries made in the regular course of duty in a business or a profession by persons not having personal knowledge of the facts entered is satisfied by the very nature of the evidence sought to be introduced. It is unnecessary to require any further showing. This court would extend the holding of *Buckler,* supra, to include the duly proven records of the Bureau of Corrections, Department of Justice, to prove two elements required by KRS 532.080, viz., age and parole status. Additionally, the information should be received by testimony from the records and not by introduction of the records themselves, as we would restrict this evidence to proof of age and parole status alone.

The second error assigned by appellant arises from the following circumstances. The court had furnished the jury with erroneous instructions following the PFO phase of the trial. This error was discovered before the jury returned to give its verdict and amended instructions were prepared by the court. The jury was then brought out of the jury room and into open court in order to give them the amended instructions and the jury informed the judge that they had already fixed a punishment under the erroneous instruction. The court ordered the jury not to disclose its verdict and sent them back to the jury room with the amended instructions. The present verdict resulted.

RCr 9.82 provides that a verdict " . . . shall be returned by the jury in open court." RCr 9.76 provides that " . . . the court shall be deemed open for every purpose connected with the case submitted to the jury until the verdict is returned . . . " The verdict herein not having been returned in open court, these rules are controlling and the action of the trial is not only free of error but also laudatory.

The judgment of the Fayette Circuit Court is affirmed.

All concur.