Albert HOBBS, Movant,

v.

**COMMONWEALTH of Kentucky,
Respondent.**

Supreme Court of Kentucky.

July 6, 1983.

Rehearing Denied Sept. 21, 1983.

Jack Emory Farley, Public Advocate, M. Gail Robinson, Asst. Public Advocate, Frankfort, for movant.

Steven L. Beshear, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for respondent.

VANCE, Justice.

Albert Hobbs was convicted of the offense of possession of a forged instrument in the first degree and as a persistent felony offender in the first degree. The conviction for possession of a forged instrument was affirmed by the Court of Appeals, but the conviction as a persistent felony offender was reversed and remanded for retrial. Discretionary review was granted to Hobbs.

This case raises the important question of whether reversal of a conviction by an appellate court on the ground that the only evidence admitted at trial to prove an essential element of the offense was erroneously admitted necessitates a dismissal of the indictment upon former jeopardy grounds rather than a remand for retrial.

The Court of Appeals determined that there was no competent proof at trial that Hobbs was over the age of 18 years when he committed the two prior felonies. There was competent proof of Hobb's date of birth. There was also testimony, admitted in evidence by the trial court but ruled incompetent by the Court of Appeals, to establish the dates of the commission of the previous offenses. We accept as unchallenged fact that the testimony was incompetent because the matter is not before us on review of that issue.

When a conviction is reversed on appeal because the evidence at trial was not sufficient to sustain a verdict of guilt, the United States Supreme Court has held that the case cannot be remanded for retrial but must be dismissed. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Kentucky has followed this holding in *Crawley v. Commonwealth,* Ky., 568 S.W.2d 927 (1978).

Hobbs contends that charges against him must be dismissed rather than remanded because there would have been no sufficient evidence to sustain his conviction if the trial judge had sustained his objection and refused to admit the incompetent evidence to establish the dates of the commission of the offenses, citing *Burks* and *Crawley.*

*Burks* and *Crawley* were each decided upon the basis that the evidence admitted at the trial, without regard to whether it was erroneously admitted, was not sufficient to sustain a conviction. Here, the testimony admitted in evidence was sufficient to sustain the conviction. We are not disposed to hold that an error by a trial court in the admission of testimony in evidence precludes a retrial when an appellate reversal is procured by a defendant on that ground. In such a case, the defendant is entitled only to an opportunity to obtain a fair readjudication of his guilt free from error.

*Burks v. United States, supra,* relied upon by Hobbs, makes this very point in the following language:

As we have seen in Part II, *supra,* the cases which have arisen since [*U.S. v.*] *Ball* [163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300] generally do not distinguish between reversals due to trial error and those resulting from evidentiary insufficiency. We believe, however, that the failure to make this distinction has contributed substantially to the present state of conceptual confusion existing in this area of the law. Consequently, it is important to consider carefully the respective roles of these two types of reversals in double jeopardy analysis.

Various rationales have been advanced to support the policy of allowing retrial to correct trial error, but in our view the most reasonable justification is that advanced by [*U.S. v.*] *Tateo, supra* [237 U.S. 463] at 466 [84 S.Ct. 1587 at 1589, 12 L.Ed.2d 448]:

"It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction."

See [*U.S. v.*] *Wilson, supra* [420 U.S. 332] at 343–344, n. 11 [95 S.Ct. 1013 at 1021–1022, n. 11, 43 L.Ed.2d 232]; *Wade v. Hunter,* 336 U.S. 684, 688–689 [69 S.Ct. 834, 836–837, 93 L.Ed. 974] (1949). In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. *Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect e.g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.* (Emphasis ours.)

Hobbs also contends he was prejudiced by the admission of testimony that he was arrested on another charge, to-wit: unlawful flight to avoid prosecution. That charge arose out of this case. He was arrested and brought before the district court in March, 1980, for a preliminary hearing in which he was bound to the grand jury upon his own recognizance. He was indicted on May 12, 1980, but failed to appear for arraignment as his recognizance required him to do. He also moved from the address he gave when he was recognized on his own bail, and it was not until December, 1980, when he was apprehended.

In the meantime, a warrant had issued for his arrest for unlawful flight.

■ Of course, the fact that a warrant was issued is not proof that Hobbs actually fled the jurisdiction to avoid prosecution, but under the circumstances of this case, we see no error in the introduction of the evidence about the warrant. The other evidence relating to the length of time he failed to appear as required by his recognizance rendered the testimony about the warrant harmless.

We likewise find no merit to Hobbs' allegations of prosecutorial misconduct.

The Judgment is affirmed.

STEPHENS, C.J., and VANCE, GANT, AKER, WINTERSHEIMER, and STEPHENSON, JJ., concur.

LEIBSON, J., concurs by separate opinion.

LEIBSON, Justice, concurring.

In *Garner v. Commonwealth,* Ky., 645 S.W.2d 705 (1983), discussing the extent to which records of the Bureau of Corrections may be used to prove fact in issue in Persistent Felony Offender proceedings, we hold that "we would restrict this evidence to proof of age and parole status alone."

In my view, nothing in the language of the present opinion should be interpreted as weakening our position in *Garner.*

Evidence from the records of the Department of Probation and Parole is not admissible to prove either the *date* of previous offenses, or the *fact* of previous offenses. Such evidence fails to qualify under the regular business entries' exception to the hearsay rule. In this respect the Department's records are not records of routine facts occurring at or near the time of the phenomena which are being recorded. *Buckler v. Commonwealth,* Ky., 541 S.W.2d 935 (1976) is not applicable.