Ronnie K. HON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

April 19, 1984.

Rehearing Denied July 5, 1984.

Jack Emory Farley, Public Advocate, Larry H. Marshall, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Rickie L. Pearson, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENS, Chief Justice.

The basic issue we decide on this appeal is whether the Commonwealth, in a persistent felony offender prosecution, must affirmatively prove that the defendant was at least eighteen years old when the previous crime(s) were committed. We answer this question in the affirmative and reverse the judgment of the trial court.

Ronnie K. Hon was convicted of two counts of first degree burglary and was sentenced to twenty years imprisonment on each count. He was tried as a second degree persistent felony offender and received an enhanced sentence of one hundred years in prison. In a memorandum opinion this Court reversed one of the burglary counts due to insufficient evidence and we remanded the persistent felony offender charge for a new trial. *Hon v. Commonwealth*, Ky., 620 S.W.2d 321 (1981). At the retrial of the persistent felony offender charge, appellant was convicted and was sentenced to fifty years in prison. This matter of right appeal results.

Appellant urges that the trial court erred in overruling his motion for a directed verdict of acquittal because the Commonwealth did not prove that the appellant was over the age of eighteen at the time the prior offenses were committed.

At the retrial of the persistent felony offender charge, the Commonwealth's evidence established that appellant was born on October 1, 1954, that he was twenty-two years old when he was convicted and sentenced to one year of imprisonment for third degree burglary and that he was sentenced on February 3, 1977 for a conviction of escape. He received a one year sentence for the escape conviction. No direct evidence was introduced to show that, at the time he committed the above offenses, the appellant was over eighteen years old. However, appellee argues that the jury could infer that appellant was over eighteen. It is argued that if Hon had been eighteen at the time he committed the offenses, it is "unlikely" that any court would have waited four years to try him. This "inference" coupled with our ruling in *Kendricks v. Commonwealth*, Ky., 557 S.W.2d 417 (1977), is argued as a basis to affirm the conviction.

In *Kendricks*, we upheld a persistent felony offender conviction where the evidence specifically failed to establish that the appellant was eighteen years old at the time of the commission of the prior felonies. Other evidence did establish the date of his birth and the dates of both previous convictions were established. We declared that this evidence was sufficient to give

rise to an inference that "he was over eighteen at the time he committed each of the offenses." *Id.*, at p. 420. We further stated, "If he had been eighteen at the time he committed the first offense, it is unlikely that any court would wait six years to try a person charged with a criminal offense." The effect of this language has been, in certain factual circumstances, to allow the Commonwealth to prove an integral, required part of its case by an inference which is subject to question and shifting from case to case.

KRS 532.080 sets out, with specificity, the requirements for a persistent felony conviction.

> (2) A persistent felony offender is a person who is more than twenty-one (21) years of age and who stands convicted of a felony often having previously been convicted of two (2) or more felonies. *As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:*
>
> (b) *That the offender was over the age of eighteen (18) years at the time the offense was committed:* (Emphasis added).

It is clear that the General Assembly intended that the defendant in a persistent felony offender prosecution must have been at least eighteen years old at the time the previous offenses were committed. It is equally obvious that the Commonwealth has the burden of proving, beyond a reasonable doubt, every element of the charge. KRS 500.010; *Adams v. Commonwealth*, Ky., 551 S.W.2d 561 (1977).

In the present case, only by inference did the Commonwealth establish that Hon was at least eighteen years old when he committed the previous felonies.

Because the persistent felony statute is so clear in its requirements, and so strictly *penal* in nature, we believe that it is improper for proof of an inferential nature to be used to obtain and sentence a conviction under its terms. To the extent that *Kendricks, supra,* or any other case, conflicts with this opinion, it is overruled. We hold that, in a proceeding under the persistent felony offender statute, the Commonwealth must prove by direct evidence that the defendant was at least eighteen years old at the time he committed the previous offenses which serve as the basis for the persistent felony offender charge.

Since we have declared that the Commonwealth produced *no* evidence that would justify a verdict that Ronnie K. Hon was at least eighteen years old at the time of the commission of crimes, we simply reverse his persistent felony conviction, rather than remand it to the circuit court for retrial. When a conviction is reversed on appeal because the evidence at trial was insufficient to sustain a verdict of guilty, a retrial would, in effect, constitute double jeopardy. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Hobbs v. Commonwealth*, Ky., 655 S.W.2d 472 (1983); *Crawley v. Kunzman*, Ky., 585 S.W.2d 387 (1979).

We have considered the other issues raised by the appellant, and find them to be of no merit.

The judgment is reversed.

All concur except, WINTERSHEIMER, J., who dissents in a separate opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent because I do not believe the statute is so absolutely clear in its language and because I believe the holding of the majority should be applied prospectively.

The statute in question was first enacted in 1974 and interpreted by this Court in *Kendricks v. Commonwealth*, Ky., 557 S.W.2d 417 (1977), so as to permit the jury to make a reasonable inference regarding age. If we now desire to change the case law, it should be done prospectively. The evidence here permits the jury to reasonably infer that the accused was over 18 years of age at the time he committed each of the previous felonies. The jury may

consider the totality of the evidence in determining facts. *Kendricks, supra.*

A remand for a new trial would be analogous to the decision in *Hobbs v. Commonwealth,* Ky., 655 S.W.2d 472 (1983), in which it was held that a retrial is not precluded when an appellate court reverses a conviction because the only evidence admitted at trial to prove the dates of the commission of crimes underlying persistent felony offender charges was erroneously admitted.

Here the prosecution pursuant to the authority of *Kendricks* relied upon an inference to prove the age of the accused rather than producing a record to prove age. This was not a total failure of proof, but only a practice which could be held to be an erroneous method of proof. In such circumstances, I believe a remand for new trial is the appropriate remedy. Another trial would not be double jeopardy.