**Barry N. CALLISON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 21, 1986.

Randall L. Wheeler, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Robert Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, COMBS and DUNN, JJ.

DUNN, Judge.

Barry N. Callison appeals from a judgment of the Fulton Circuit Court, which found him guilty of burglary in the third degree and of being a persistent felony offender (PFO) in the second degree, and sentenced him to eight years in prison. We reverse.

On appeal Callison argues that the trial court erred (1) in refusing to instruct the jury regarding Callison's defense of voluntary intoxication, and on the lesser-included offense of criminal trespass; (2) in admitting, in the persistent felony offender stage of trial, evidence which was hearsay; (3) in overruling Callison's motion for a directed verdict on the PFO charge for insufficient evidence; (4) in admitting incompetent and irrelevant evidence of other felony convictions during the PFO hearing; and, (5) in overruling Callison's objections to improper remarks made by the prosecutor in closing argument in the PFO phase of the trial.

We first consider Callison's contention that it was reversible error to refuse to instruct the jury on the issue of voluntary intoxication as a defense, and on the lesser-included offense of criminal trespass. This was error and we reverse.

■ "In a criminal case, it is the duty of the court to prepare and give instructions on the whole law. This general rule requires instructions applicable to every state of [the] case covered by the indictment and deducible from or supported *to any extent* by the testimony." *Lee v. Commonwealth*, Ky., 329 S.W.2d 57, 60 (1959) (Emphasis added). *See also* J. Palmore and R. Lawson, *Kentucky Instructions to Juries: A revision of Stanley* §§ 1.06, 1.07 (1975 and 1979 Supp.). Where there is sufficient evidence to support a reasonable inference concerning the ultimate fact in a case, the issue should be submitted to the jury with appropriate instructions. *Commonwealth v. Sanders*, Ky., 685 S.W.2d 557 (1985); *Martin v. Commonwealth*, Ky., 571 S.W.2d 613, 615

(1978). In order to require a jury instruction on voluntary intoxication as a defense to burglary a defendant must show (1) evidence of drunkenness or other intoxication; and (2) evidence that the defendant did not know what he was doing. *Jewell v. Commonwealth*, Ky., 549 S.W.2d 807, 812 (1977); *Zeutzius v. Commonwealth*, 280 Ky. 455, 133 S.W.2d 746, 747 (1939).

■ In the case before us, there was substantial evidence that Callison was intoxicated on the night he was arrested. First, Callison testified that he consumed a quart of whiskey along with a significant amount of other intoxicating drugs. Second, Callison's girlfriend confirmed that Callison was too intoxicated to dance earlier in the evening and that he had at one point lost consciousness. Finally, the police testified that Callison was taken to the hospital following his arrest to be treated for drug and alcohol overdose. Furthermore, Callison's testimony that he had no memory of his actions on the night in question was sufficient to support an inference that he did not know what he was doing. *Jewell, supra,* at 812. There was, therefore, sufficient evidence to require a jury instruction on the defense of voluntary intoxication.

■ Since we hold that the trial court should have instructed the jury on the issue of intoxication, we also hold that an instruction on the lesser-included offense of criminal trespass should have been given. Voluntary intoxication may negate intent. KRS 501.080(1). Where there is testimony such that the jury could infer that there was unlawful presence in a building with no intent to commit a crime, the criminal-trespass instruction should be given. *Sanders, supra,* at 559; *Martin, supra,* at 615. Upon remand, therefore, appropriate instructions concerning intoxication and criminal trespass must be presented to the jury by the trial court.

■ Callison next contends that the trial court erred in the PFO phase of the trial in admitting the testimony of Callison's probation and parole officer. Specifically, Cal-

lison argues that insufficient foundation was laid to admit evidence taken from Callison's parole records under the business entries exception to the hearsay rule. This exception has previously been extended to probation and parole records. *Garner v. Commonwealth*, Ky., 645 S.W.2d 705, 707 (1983). In our view, once it has been established that the evidence is being taken from a proper copy of an official record, no formal foundation need be laid, so long as there is no challenge to the accuracy of the information contained in the record. *See Garner, supra,* at 706. The testimony of the probation and parole officer was therefore properly admitted.

The appellant next contends that there was insufficient evidence to sustain a conviction under KRS 532.080 as a persistent felony offender, since there was no direct evidence of Callison's parole status at the time he committed the principal offense. Callison's probation and parole officer testified that Callison was released on parole from sentence on a prior felony conviction on August 24, 1983. Previous testimony established that the principal offense was committed August 25, 1984.

■ Each element of the offense of being a persistent felony offender must be proven, beyond a reasonable doubt, by direct evidence. *Hon v. Commonwealth*, Ky., 670 S.W.2d 851, 853 (1984). "Direct evidence is that method of proof which tends to show the existence or non-existence of a disputed fact without the intervention of proof of another fact." *Starks Administratrix v. Herndon's Administrator*, 292 Ky. 469, 166 S.W.2d 828, 830 (1942). In the *Hon* case, the Commonwealth had introduced evidence of the defendant's date of birth, as well as the date of the defendant's prior felony conviction. The Court ruled that there was no direct evidence that the defendant was eighteen years old on the date the offense was *committed,* and that there was insufficient proof to convict under the statute. The Court reasoned that as there was no proof of the actual time between the date the offense was committed and the date the

defendant was convicted, a reasonable doubt existed as to the defendant's age on the date the offense was committed.

Such is not the case here. KRS 532.080 states in pertinent part:

As used in this provision, a previous felony conviction is a conviction of a felony in this state ... provided:

... (c) That the offender:

1. Completed service of the sentence imposed on any of the previous felony convictions within five (5) years prior to the date of the commission of the felony for which he now stands convicted; or

2. Was on probation, parole, conditional discharge, conditional release, furlough, appeal bond, or any other form of legal release from any of the previous felony convictions at the time of commission of the felony for which he now stands convicted; or

3. Was discharged from probation, parole, conditional discharge, conditional release, or any other form of legal release on any other previous felony convictions within five (5) years prior to the date of the commission of the felony for which he now stands convicted; or

4. Was in custody from the previous felony conviction at the time of commission of the felony for which he now stands convicted; or

5. Had escaped from custody while serving any of the previous felony convictions at the time of commission of the felony for which he now stands convicted.

Unlike the age provision of the statute, which requires that a defendant must have been at least eighteen years old on the date a prior felony was committed, the parole status/release from sentence provisions are in the alternative, any one of which may be an element of the offense. The instructions to the jury in the case before us, which were unobjected to at trial, stated that the jury should find the defendant not guilty unless they believed from the evidence beyond a reasonable doubt that "the present felony offense of third-degree burglary was committed while the defend-

ant was on parole or probation from [a] prior felony *or* was committed within five years of his discharge from parole or probation resulting from that prior felony...." (Emphasis added).

If the jury believed direct evidence that the principal felony was committed within one year of Callison's release on parole, the only possible inferences were that he committed the offense (1) while still on parole, or (2) within five years of his release from parole. Since the jury was authorized to find Callison guilty in either case, it was necessary only that there be sufficient direct evidence to support either conclusion. Under the instructions as given, therefore, it was not necessary to present direct evidence of Callison's parole status. There being no possibility of speculation on the part of the jury, it was sufficient to show that the appellant was released on parole on a given date, and that he committed a second felony within five years of that date.

Callison next alleges that the trial court erred in permitting the probation and parole officer to testify concerning a second prior felony conviction during the PFO phase. We agree that this was error. First, although probation and parole records may be used to prove the age and parole status of defendants in a PFO trial, such records may not be used to prove prior felony convictions under KRS 532.-080. *Garner v. Commonwealth*, Ky., 645 S.W.2d 705, 707 (1983). *See also Hobbs v. Commonwealth*, Ky., 655 S.W.2d 472, 474 (1983) (Leibson, J., concurring). *But cf. Whittaker v. Thornberry*, 306 Ky. 830, 209 S.W.2d 498, 500 (1948) (hospital records are admissible as to all matters proper for inclusion in a record of such nature); *Faught v. Commonwealth*, Ky., 656 S.W.2d 740, 742 (1983) (orders of probation signed by district judge were competent evidence of prior convictions for enhancement of sentence under KRS 218A.990(1)).

Second, the additional prior felony conviction was irrelevant, since, having been insufficiently proven under the hold-

ing of *Hon v. Commonwealth, supra,* it was not admissible to prove the appellant's status as a persistent felony offender. Evidence is relevant only when it renders a "material ultimate fact" more or less probable. R. Lawson, *The Kentucky Evidence Law Handbook* § 2.00(B) (2d ed. 1984). As the Court stated in *Pace v. Commonwealth*, Ky., 636 S.W.2d 887, 890 (1982): "In order to establish a persistent felony offender status, the Commonwealth merely needs to establish a simple checklist of technical statutory requirements. [Irrelevant] evidence can only lengthen what is intended to be a quick and simple procedure and to inflame the jury."

Had the second prior felony been proven with sufficient particularity by direct evidence, as required by *Hon, supra,* we believe that it would have been admissible, at the discretion of the trial court. This was not the case, however, and the evidence of the second prior conviction was therefore both incompetent and irrelevant. As a result, it was highly prejudicial to the appellant when the prosecutor, in closing argument, was allowed to argue that the jury should consider the significance of two prior convictions, when only one conviction had been properly admitted into evidence. Upon remand, therefore, no mention may be made, in the PFO phase of the trial, of any prior conviction, unless such conviction has been sufficiently proven pursuant to the holding in *Hon v. Commonwealth.*

We consider, finally, the appellant's argument that the trial court erred in permitting the prosecutor to comment in closing argument in the PFO phase on the availability of drug treatment programs in prison for which Callison would presumably be eligible. This comment was apparently in response to defense counsel's remark during his closing argument that the appellant should not be imprisoned, but should be allowed to participate in a drug rehabilitation program within the community. Neither argument was proper, as neither had any bearing on the guilt or inno-

cence of the defendant/appellant. *Payne v. Commonwealth*, Ky., 623 S.W.2d 867, 870 (1981).

Under the circumstances we believe that the remarks of counsel, though improper, were not so harmful, standing alone, as to require reversal. Upon remand, however, arguments of both counsel should be limited to reasonable inferences to be drawn from the evidence, and should not include comments as to the consequences of a particular verdict. *Id.*

For reasons previously stated, the judgment of the Fulton Circuit Court is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.

All concur.