COMMONWEALTH of
Kentucky, Movant,

v.

Michael L. MATTINGLY, Respondent.

Supreme Court of Kentucky.

Dec. 18, 1986.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for movant.

Robert E. Gillum, Somerset, for respondent.

VANCE, Justice.

The question is whether the reversal of a judgment of conviction on the ground that the only evidence sufficient to sustain the conviction was erroneously admitted prohibits a retrial on grounds of double jeopardy.

Respondent was convicted of knowingly receiving stolen property valued in excess of $100.00, and his sentence was enhanced as a second-degree persistent felon. The testimony used to establish the prior conviction of felony on the persistent felony offender charge was erroneously admitted in evidence because it was hearsay. Because of that fact, the respondent's motion for a new trial was sustained as to the conviction as a persistent felony offender. On retrial, respondent was again convicted.

The Court of Appeals, relying upon *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Hudson v. State of Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981); and *Hon v. Commonwealth*, Ky., 670 S.W.2d 851 (1984), reversed the conviction on the ground that the evidence at the first trial was legally insufficient to sustain the conviction and that the retrial subjected the respondent to double jeopardy. We granted discretionary review and now reverse the decision of the Court of Appeals.

*Burks v. United States, supra,* held that when a conviction is reversed on appeal because the evidence at trial was not sufficient to sustain a verdict of guilt, the case cannot be remanded for a new trial but must be dismissed. Kentucky followed this holding in *Crawley v. Commonwealth*, Ky., 568 S.W.2d 927 (1978).

*Burks v. United States, supra,* was careful to point out the distinction between a reversal for lack of evidence and a reversal for trial error. It held that a reversal for a trial error which incorrectly admitted incompetent evidence does not constitute a decision that the government has failed to prove its case. Rather, it is a determination that although the government did prove its case, it did so by evidence which was incompetent, and defendant is entitled

to a new trial free of this procedural defect.

This court made the same distinction in *Hobbs v. Commonwealth*, Ky., 655 S.W.2d 472 (1983). Therein we held that a reversal of a conviction by an appellate court on the ground that the only evidence to prove an essential element of guilt was erroneously admitted does not bar a remand for retrial.

In this case Anne Dick, a probation and parole officer, testified at the first trial with respect to the prior conviction as follows:

Q. All right. Was Mr. Mattingly convicted in the Hardin Circuit Court?

A. Yes, sir, he was.

Q. And what was he convicted of?

A. He was convicted of attempt to commit robbery—first degree.

Q. Was he sentenced by the court on that charge?

A. Yes, sir, he was.

Q. What sentence did he receive?

A. On April 26, 1976 he was formally sentenced to the charge of attempt to commit robbery first degree and was sentenced to 6 years.

The foregoing testimony was admitted into evidence over objection of the respondent that it was hearsay. The respondent's objection was meritorious and the conviction was vacated because of the improper reception of this evidence. The admission of the evidence was a trial error. Nevertheless, it was admitted, and the jury was entitled to reach its verdict based upon all the testimony admitted into evidence.

*Hon v. Commonwealth, supra,* and *Hudson v. State of Louisiana, supra,* did not involve the improper admission of evidence which, when admitted, was sufficient to sustain the verdict. In each of those cases there was simply no evidence, improperly admitted or otherwise, which was sufficient to sustain the conviction. In this case there was sufficient evidence, albeit improperly admitted, to sustain the verdict. This is a case of a new trial granted because of a trial error, and the result is controlled by our decision in *Hobbs v. Commonwealth, supra.*

We note that respondent asserted various other trial errors on his appeal to the Court of Appeals which were not considered by that court in its opinion because of the reversal upon other grounds.

The decision of the Court of Appeals on the issue of double jeopardy is reversed, and the case is remanded to the Court of Appeals for consideration of the other issues raised by respondent in the appeal to the Court of Appeals.

STEPHENS, C.J., and GANT, STEPHENSON, WHITE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate attached opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

At the persistent felony offender (PFO) phase of the first trial the Commonwealth proved the elements of the prior Hardin County conviction by testimony from a probation officer from Pulaski County. This probation officer was permitted to testify from information furnished to her in a telephone conversation with a parole officer from Hardin County. Because the Commonwealth knew this testimony was improper, the Commonwealth agreed that the PFO conviction should be set aside and a new trial granted. Then at the retrial of the PFO charge, the Commonwealth was prepared with competent evidence to convict.

The issue is whether the retrial was double jeopardy because the first conviction was obtained by insufficient evidence, as in *Hon v. Commonwealth*, Ky., 670 S.W.2d 851 (1984), or whether the hearsay testimony, though incompetent, should be classified as "trial error," so that a retrial at which competent evidence was utilized was appropriate, as in *Hobbs v. Commonwealth*, Ky., 655 S.W.2d 472 (1983).

The proof is overwhelming that the Commonwealth knew that it was unprepared to

prove the PFO conviction by competent evidence at the first trial, and therefore had the Pulaski County probation officer make a telephone call back to Hardin County to obtain information about the previous conviction, and presented this obviously incompetent evidence as a "stop gap" measure:

1) The Commonwealth started the PFO trial with neither the judgment of conviction from Hardin County nor a subpoena for any witness from Hardin County.

2) Upon conviction of the defendant for receiving stolen property, the Commonwealth moved for a continuance of the PFO phase, implicitly (if not expressly) admitting it was unprepared to prove the PFO phase at that time.

3) The Commonwealth *joined* in the defendant's post-trial motion for a new trial, conceding error.

We should not condone the substance of a conviction when the Commonwealth started a trial with no proof to prove the elements of the offense, and then knowingly and intentionally utilized incompetent evidence to cover up the defect with the obvious intent of then curing the defect through a retrial.

This case should be treated as one where there was insufficient evidence to prove the previous conviction (as in *Hon* ), and not as a case of "trial error" (as in *Hobbs* ). We should not put our stamp of approval on the Commonwealth's transparent evasion of the *Hon* rule. This case is a triumph of form over substance.