James Robert **TYLER**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 90–SC–471–MR.

Supreme Court of Kentucky.

March 14, 1991.

C. McGehee Isaacs, Cincinnati, Ohio, for appellant.

Frederic J. Cowan, Atty. Gen., Gregory C. Fuchs, Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

Appellant was convicted of second-degree assault, for which he was sentenced to a term of ten years, and of promoting contraband in the first degree for which he was sentenced to a term of three years. Each of these sentences was then enhanced as a persistent felony offender in the first degree. We affirm the convictions and sentences for the underlying offenses, but vacate the enhanced sentences as a PFO I, for reasons that follow.

Both the victim and appellant were inmates in the Henderson County jail. While in an area known as the "bull pen" they disagreed about which television station they would watch. They began to fight and during the struggle appellant stabbed the victim four times with a homemade knife. At trial the victim admitted during cross-examination that he had made the knife which appellant had used to stab him.

This appeal consists of two issues. First, appellant argues his convictions for both second-degree assault and promoting contraband in the first degree are prohibited by the Double Jeopardy Clause. Second, he argues the Commonwealth failed to prove a necessary element to support his convictions as a PFO in the first degree.

■ We review the double jeopardy issue, although not preserved. *Sherley v. Commonwealth,* Ky., 558 S.W.2d 615 (1977), *cert. denied,* 435 U.S. 999, 98 S.Ct. 1655, 56 L.Ed.2d 89 (1978).

■ Appellant relies on *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) in support of his double jeopardy argument. The *Blockburger* test, codified in KRS 505.020(1)(a), requires an examination of the offenses to determine whether each requires proof of a fact which the other does not.

Appellant argues:
"[T]he conviction under these two crimes creates a circuitous logic in applying the elements because without the stabbing there can be no dangerous instrument, and without the dangerous instrument there can be no promoting contraband in the first degree. Therefore, all the aspects of 'promoting contraband' are within the facts of the second degree assault and Appellant cannot be convicted of both."

This argument misses the mark for an obvious reason. Appellant can only be convicted of promoting contraband in the first degree for possessing dangerous contraband *in a detention facility* or penitentiary. That element is not required to support a conviction for second-degree assault. As stated in the Official Commentary to the first-degree promoting contraband statute, KRS 520.050:
"[T]his provision is satisfied if the actor knows that the article in question endangers the safety or security of the detention facility or persons within it."

KRS 520.010(3) defines "Dangerous contraband" as:
"[C]ontraband which is capable of such use as may endanger the safety or security of a detention facility or persons therein, including, but not limited to, dangerous instruments as defined in KRS 500.080...."

Promoting contraband in the first degree requires *possession* of dangerous contraband, which by definition may fall within the confines of a "dangerous instrument," while assault in the second degree contemplates the *use* of a deadly weapon or dangerous instrument, KRS 508.020. Promot-

ing contraband in the first degree is a completed offense upon possession in a penitentiary or detention facility without regard to its subsequent use, and regardless of whether under each statute the object involved is a dangerous instrument.

For the reasons stated, we find no double jeopardy violation and affirm both of the underlying convictions.[1]

At the penalty phase the Commonwealth called the Circuit Clerk to testify about appellant's two prior felony convictions and several misdemeanor convictions. Commonwealth's Exhibits 14 and 15 were certified copies of court records admitted into evidence.

The appellant objected that the Commonwealth failed to show appellant's "age." Appellant was born September 22, 1954, as evidenced by the notations on the misdemeanor jackets in Commonwealth's Exhibit 15, and the offenses for which he stands presently convicted occurred on February 26, 1990. It is clear that since appellant was then 35 years of age, defense counsel was not complaining of lack of proof that appellant was "more than twenty-one (21) years of age" for the present offenses. Thus, the issue is whether the Commonwealth failed to prove appellant was over the age of eighteen at the time his previous felony offenses were committed as required by KRS 532.080(3).

Commonwealth's Exhibit 14 contained certified copies of:

1) A Judgment of Conviction and Sentence for uttering a forgery to which he pled guilty on June 3, 1975. Nowhere on the face of the Judgment is the date of the commission of the offense.

2) A Judgment of Conviction and Sentence for first-degree robbery committed "on or about July 8, 1978" to which he pled guilty on October 9, 1978.

When questioned about these two prior felony offenses the Circuit Clerk testified that the date of the offense on the forgery charge was June 3, 1975, and the date of

the offense on the first-degree robbery charge was October 9, 1978. The dates given by the Clerk were clearly the dates appellant pled guilty and not the dates of the commission of the offenses.

Since a conviction for PFO in the first degree requires proof of conviction of two or more felonies and that the offender was over the age of eighteen at the date of the commission of the prior offenses, there was no proof of the date of the commission of the crime of forgery and the testimony of the Clerk regarding the date of the commission of the crime of first-degree robbery was erroneous. The Commonwealth has failed to meet their burden of proof beyond a reasonable doubt.

In *Hon v. Commonwealth*, Ky., 670 S.W.2d 851 (1984), we said:

"Because the persistent felony statute is so clear in its requirements, and so strictly *penal* in nature, we believe that it is improper for proof of an inferential nature to be used to obtain and sentence a conviction under its terms." [Emphasis original]. *Id.* at 853.

Again, in *Carter v. Commonwealth*, Ky., 782 S.W.2d 597, 602 (1990), we held:

"[T]he prosecution failed to adduce evidence during the sentencing phase that Carter was at least eighteen years of age when he committed the prior crimes ... [this] was a material error in the sentencing of Carter. [Citing *Hon v. Commonwealth*]."

By now prosecutors should be familiar with the statutory requirements and our explicit holdings in the cases in point.

We reverse the PFO convictions. We remand to the Henderson Circuit Court for resentencing on the underlying offenses consistent with this Opinion. The court cannot conduct a new penalty phase to retry the PFO I charge because there was a failure of proof as to the appellant's age on the date of committing the previous offense of uttering a forgery. The appellant can be retried to enhance present con-

---

1. For an excellent discussion on double jeopardy, *see Ingram v. Commonwealth*, Ky., 801

S.W.2d 321 (1990).

victions as a PFO II, because there was proof of the appellant's age when he previously committed first-degree robbery, albeit confused by the date testified to by the Clerk, so the problem here is one of trial error for which retrial is an appropriate remedy.

All concur.