Cholly JOHNSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 92–SC–797–MR.

Supreme Court of Kentucky.

March 24, 1994.

As Modified May 26, 1994.

Case Ordered Published by Supreme Court May 26, 1994.

Daniel T. Goyette, Jefferson District Public Defender and Bruce P. Hackett, Deputy Appellate Defender of the Jefferson District Public Defender, Louisville, for appellant.

Chris Gorman, Atty. Gen. and E.M. Lowery, Asst. Atty. Gen., Cr. Appellate Div., Frankfort, for appellee.

LAMBERT, Justice.

In *Garner v. Commonwealth*, Ky., 645 S.W.2d 705 (1983), this Court held that hearsay testimony based on Department of Cor-

rections records was admissible in a persistent felony offender proceeding to prove the defendant's age and parole status, matters which were elements of the crime charged. We relied on the regular business entries exception to the hearsay rule [1] and *Buckler v. Commonwealth,* Ky., 541 S.W.2d 935 (1976), for the proposition that despite its hearsay character, evidence from such records has a "circumstantial guarantee of trustworthiness." 645 S.W.2d at 707. *Garner* acknowledged that without a birth certificate age is always hearsay, but regarded Corrections' records as sufficiently reliable to permit introduction of such evidence from the records. The issue presented here is whether the *Garner* rule should be extended, when the defendant's identity is not manifest, to include the defendant's home address, social security number, and parents' names. Such other issues as have been raised will be identified and addressed hereinafter.

This appeal is from appellant's 1992 conviction as a persistent felony offender in the first degree. At trial, the Commonwealth contended and evidence was presented that Cholly Bernadine Dickerson, who had been convicted in 1968 for two counts of robbery and sentenced to five years imprisonment on each count, was the same person as Cholly B. Johnson, who had been convicted in 1973 of two counts of robbery and sentenced to consecutive terms of ten years. From the evidence presented, appellant was found guilty and sentenced as a persistent felony offender.

The evidence utilized to establish that appellant, Johnson, was the same person as robbery convict Dickerson was testimony from Department of Corrections records which showed that they had the same date of birth, the same social security number, the same parents, Elcapitola V. Johnson and Jerome Dickerson, and the same home address. If such evidence was properly admitted, the conclusion would be inescapable that Johnson and Dickerson were one and the same person.

Appellant's 1992 PFO conviction, here under review, has a complex procedural history. It resulted from a re-trial which followed a 1986 trial court order which granted relief pursuant to RCr 11.42. The underlying criminal action arose in 1983 when appellant was convicted of burglary, rape, sodomy and PFO I. These convictions were affirmed by this Court in 1984. However, in 1986, appellant sought relief pursuant to RCr 11.42 claiming ineffective assistance of counsel. With respect to the underlying charges, relief was denied, but the PFO conviction was vacated. The Commonwealth did not appeal from the order vacating the PFO conviction. Thereafter, over appellant's double jeopardy objection, he was re-tried in 1992 for the PFO charge and it is this conviction which brings us here.

The first issue we must confront is appellant's double jeopardy claim. He contends that if the improper hearsay evidence from Department of Corrections records had been excluded, the Commonwealth would have been without any proof of one of the required prior felony convictions and the only permissible conviction would have been PFO in the second degree. He attempts to distinguish this case from *Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), and *Commonwealth v. Mattingly,* Ky., 722 S.W.2d 288 (1986), *cert. denied, Mattingly v. Kentucky,* 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987). We have considered his contentions but are unable to draw a meaningful distinction. This Court and the Supreme Court of the United States have indulged the view that such error is trial error which results in no double jeopardy bar. Appellant would have us conclude that the Commonwealth would have had no other means of proving that he and Dickerson were the same person, but *Mattingly* permits no such speculation.

*Hon v. Commonwealth,* [Ky., 670 S.W.2d 851 (1984)], and *Hudson v. State of Louisiana,* [450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981)], did not involve the improper admission of evidence which,

1. We need not determine whether KRE 803(6) amounts to an expansion of the common law business records exception. The Kentucky Rules of Evidence are inapplicable here by virtue of Rule 107(b).

when admitted, was sufficient to sustain the verdict. In each of those cases there was simply no evidence, improperly admitted or otherwise, which was sufficient to sustain the conviction. In this case there was sufficient evidence, albeit improperly admitted, to sustain the verdict. This is a case of a new trial granted because of a trial error, and the result is controlled by our decision in *Hobbs v. Commonwealth,* [Ky., 655 S.W.2d 472 (1983), *cert. denied, Hobbs v. Kentucky,* 465 U.S. 1067, 104 S.Ct. 1419, 79 L.Ed.2d 745 (1984)].

722 S.W.2d at 289. Even improperly admitted evidence is sufficient to defeat a motion for directed verdict. A reviewing court or a court considering a collateral attack may not bar retrial on double jeopardy grounds because the evidence was improperly admitted.

Next we consider appellant's claim for reversal for the violation of *Garner v. Commonwealth, supra.* At trial and over appellant's objection, a witness for the Commonwealth was permitted to testify from Department of Corrections records that appellant and Cholly Bernadine Dickerson had the same date of birth, the same social security number, the same parents, and the same home address. This, appellant contends, was in clear violation of our decision in *Garner v. Commonwealth* which said:

> This court would extend the holding of *Buckler, supra,* to include the duly proven records of the Bureau of Corrections, Department of Justice, to prove two elements required by KRS 532.080, viz., age and parole status. Additionally, the information should be received by testimony from the records and not by introduction of the records themselves, as we would restrict this evidence to proof of age and parole status alone.

645 S.W.2d at 707.

As such, appellant concludes that any hearsay evidence from Corrections records other than his age and proof of parole status is inadmissible entitling him to a reversal.

Our decision in *Garner v. Commonwealth* was premised on the regular business entries exception to the hearsay rule. We discussed the elements of the exception, the issue of trustworthiness, and noted that the hearsay

evidence in question proved elements of the offense. We observed the improbability that any Corrections officials would have actual knowledge of the data and that Corrections officers necessarily relied on their records. We expressed the view that

> The occasional errors or omissions occurring in the routine work of a large staff are no more an obstacle to the general trustworthiness of such records than are the errors of witnesses on the stand.

*Id.* For these reasons, we concluded that the regular business entries exception to the hearsay rule was satisfied and that age and parole status could be proved by testimony from Corrections records. As we read it, *Garner* generally approved the use of Corrections records when those records satisfy the hearsay exception.

■ We have considered whether there is a qualitative difference between that portion of Corrections records which contains age and parole status and that portion which contains the additional information at issue here. The use of social security numbers as a means of establishing the identity of an individual has become virtually universal in this nation. Likewise, parents' names and home address are accepted, though not irrefutable, means of proving identity. In connection with the 1968 imprisonment of Dickerson and the 1973 imprisonment of Johnson, identifying information was obtained by Corrections officials in the ordinary course of their business and for the purpose of accurately identifying the prisoner. Nothing about the purpose or means of acquiring and recording the information has been shown to be suspect and any error which might have existed could have been easily corrected. As such, we can think of no valid reason for distrusting and excluding such identifying information when it satisfies the regular business entries exception and when identity is the disputed element. Unlike *Montgomery v. Commonwealth,* Ky., 819 S.W.2d 713 (1991), in which we held that Corrections records were not reliable with respect to data regarding the underlying conviction because there was no duty to compile such data, upon the imprisonment of a person in a penal facility, there is a duty to compile informa-

tion by which that person may be distinguished from all others.

■ Moreover, it makes no difference that there may have been other means of proving the same fact. An element of a claim or defense may be proven by various means, but it is not the province of a court to require such proof in the manner most to its liking. It is the court's duty to determine whether the evidence proffered is admissible or inadmissible and refrain from excluding evidence because it would have preferred its presentation in some other manner. For these reasons, we find no error in the trial court's admission of the testimony from Department of Corrections records.

Appellant's claim for reversal on grounds that he was entitled to a directed verdict of acquittal is essentially a repackaged version of his arguments with respect to double jeopardy and the admission of inadmissible hearsay from Department of Corrections records. As such, we perceive no necessity to address this issue further.

Finally, appellant claims reversible error in the trial court's failure to grant his motion for a continuance. Prior to trial, appellant had been designated as co-counsel for himself. On the day set for trial, the Commonwealth announced ready and appellant's appointed counsel acknowledged that he, too, was prepared for trial. Appellant, on the other hand, stated that he was not prepared to go forward and requested a continuance on grounds that his incarceration in the penitentiary prevented him from appropriate contact with his appointed counsel and that the court had not ruled on his double jeopardy motion to dismiss.

■ Whether to grant a continuance rests within the sound discretion of the trial court and will be reversed only upon a showing that the court abused its discretion. Our recent decision in *Snodgrass v. Commonwealth*, Ky., 814 S.W.2d 579 (1991), represents a fair summary of Kentucky law on the issue of continuances and it need not be reiterated here. It is sufficient to say that we discern no abuse of discretion in denying the motion for continuance.

For the foregoing reasons, the judgment of conviction entered herein in the Jefferson Circuit Court on August 31, 1992, is affirmed.

All concur.