Terry W. JONES, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 94–CA–001441–MR.

Court of Appeals of Kentucky.

Oct. 13, 1995.

Martha Q. Polk, Polk & Polk, Henderson, for Appellant. .

Chris Gorman, Attorney General, Elizabeth A. Myerscough, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

Before LESTER, C.J., and HOWERTON and JOHNSON, JJ.

JOHNSON, Judge:

Terry W. Jones (Jones) appeals his June 13, 1994 conviction in the Henderson Circuit Court for being a second-degree persistent felony offender (PFO) [Kentucky Revised Statutes (KRS) 532.080(2)], which enhanced his five-year sentence for trafficking in marijuana over eight ounces and less than five

pounds [KRS 218A.1421(3)] to a sentence of six years in prison. We affirm.

On appeal, Jones argues that no competent evidence of his date of birth was submitted during the PFO phase of his June 7, 1994 jury trial. KRS 532.080(2) provides in relevant part:

A persistent felony offender in the second degree is a person *who is more than twenty-one (21) years of age* and who stands convicted of a felony after having been convicted of one (1) previous felony. As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:

. . . . .

(b) *That the offender was over the age of eighteen (18) years at the time the offense was committed* . . . (emphasis added).

The Kentucky Supreme Court conclusively established in *Hon v. Commonwealth*, Ky., 670 S.W.2d 851 (1984), that

[i]t is clear that the General Assembly intended that the defendant in a persistent felony offender prosecution must have been at least eighteen years old at the time the previous offenses were committed. It is equally obvious that the Commonwealth has the burden of proving, beyond a reasonable doubt, every element of the charge. KRS 500.010; *Adams v. Commonwealth*, Ky., 551 S.W.2d 561 (1977).

. . . . .

Because the persistent felony statute is so clear in its requirements, and so strictly *penal* in nature, . . . [w]e hold that, in a proceeding under the persistent felony offender statute, the Commonwealth must prove by direct evidence that the defendant was at least eighteen years old at the time he committed the previous offenses which serve as the basis for the persistent felony offender charge.

*Hon,* 670 S.W.2d at 853 (emphasis original). *Accord Tyler v. Commonwealth,* Ky., 805 S.W.2d 126 (1991); *Carter v. Commonwealth,* Ky., 782 S.W.2d 597 (1989).

During the persistent felony offender phase of Jones' trial, the Commonwealth

called Jay Lowe, the probation and parole officer for the Department of Corrections in Henderson County, Kentucky, to testify concerning Jones' date of birth. Jones requested a voir dire examination of the witness outside the hearing of the jury as a predicate to the admission of his testimony based upon the belief that Lowe's testimony was inadmissible as hearsay. In the voir dire examination, Lowe testified that his review of Jones' pre-sentencing investigation report submitted to the Henderson Circuit Court before sentencing for his previous felony conviction on September 14, 1992, indicated Jones' birth date to be July 21, 1968. Because Jones had no prior Department of Corrections record before his September 14, 1992 felony conviction, his birth date and other factual data included in the pre-sentencing report was obtained from the uniform citation for Jones' offense and police investigative reports. Lowe further testified that this is his practice for all first-time offenders, as Jones was in 1992, and that Jones, like other defendants, was routinely asked to verify the information in the presentencing report. At the close of Lowe's voir dire examination, Jones objected to the admission of Lowe's testimony concerning Jones' date of birth on the grounds that it was not an admission by him, it was not a record of the Bureau of Vital Statistics compiled pursuant to KRS 213.016, and it was not within the exception to the rule against admission of hearsay for records of regularly conducted business activities under Kentucky Rules of Evidence (KRE) 803(6). Jones' objection was overruled by the trial court.

Lowe thereafter testified before the jury that Jones was born July 21, 1968; he was at least eighteen years old when he committed his first offense; he completed serving the sentence for that offense within five years of his commission of the felony for which he had been convicted; and he was at the time of the persistent felony offender phase of his trial over twenty-one years of age. Jones again objected to this testimony and was overruled by the trial court.

In *Garner v. Commonwealth*, Ky., 645 S.W.2d 705 (1983), a probation and parole officer had testified concerning a defendant's age from the defendant's Department of Corrections file during the persistent felony offender phase of his trial. Garner contended that this testimony was inadmissible hearsay. The Supreme Court held that the testimony from Department of Corrections records was admissible because it satisfied the regular business entries exception to the hearsay rule, and stated:

> In considering the five applicable criteria in the present case, we note first that the record from which the testimony was given was (i) a proper copy of the original entry, (ii) was made in the regular conduct of the affairs of the Bureau of Corrections, (iii) indicates on its face that the entries were made at or near the time of the events which they represent, with the exception, of course, that the age of the appellant was not entered at or near his birth. However, as the trial judge indicated, in the absence of a birth certificate, age is always hearsay. The circumstances herein do not indicate any lack of trustworthiness and, as heretofore stated, the correctness of the entries is not disputed.

*Garner*, 645 S.W.2d at 706. *Accord Johnson v. Commonwealth*, Ky., 883 S.W.2d 482 (1994) (extending the *Garner* rule to include the defendant's home address, social security number, and parents' names when identity is the disputed element).

We believe the pre-sentencing investigation report from which Lowe testified concerning Jones' date of birth is a Department of Corrections record as contemplated by the Supreme Court's decision in *Garner*. The report also satisfies the criteria for regular business entries set forth in *Garner*, lending to its "circumstantial guarantee of trustworthiness...." *Garner* at 707. Additionally, because the Kentucky Rules of Evidence were adopted since the *Garner* decision, we believe the pre-sentencing investigation report satisfies the requirements of KRE 803(6), which excepts records of a regularly conducted business activity from KRE 802's rule against the admission of hearsay. KRE 803(6) provides in pertinent part:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at

or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Like the *Garner* Court, we also note that, although the Commonwealth carries the burden of proving the defendant's age as a necessary element under KRS 532.080(2), Jones does not dispute the correctness of the entry in the pre-sentencing investigation report that states his date of birth is July 21, 1968. If Jones had produced credible evidence that his birth date was incorrect in the report, such evidence would have indicated a lack of trustworthiness in the report so that Lowe's testimony could have been barred from admission under KRE 803(6) and *Garner*.

Accordingly, the June 13, 1994 order of conviction and sentence entered by the Henderson Circuit Court is affirmed.

All concur.