# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$



2008-SC-000892-MR

DATE 9|17|09 Kelly Klaber D.C.

BROCK BOWLING                                                            APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                              NO. 2008-CA-000593
CLAY CIRCUIT COURT NO.04-CR-00165-001

HONORABLE OSCAR GAYLE HOUSE,                              APPELLEE
JUDGE 41ST JUDICIAL DISTRICT, ET AL.

## MEMORANDUM OPINION OF THE COURT
### AFFIRMING

Appellant, Brock Bowling, appeals as a matter of right from a November 2008 Court of Appeals order denying him intermediate relief against Appellee, Clay Circuit Judge Oscar Gayle House. Appellant requests the writ to prohibit Appellee from retrying him for the murder of Jimmy Mills. Appellant contends that a second trial would subject him to double jeopardy. For the reasons set forth herein, we now affirm the decision of the Court of Appeals to deny Appellant's petition for a writ of prohibition.

Appellant, Timothy Finley, Shannon Finley, and Dennis Bowling[1] were all indicted for murdering Mills. The indictment charged each of the four with murdering Mills, or conspiring to murder Mills, or being an accomplice to his murder. At the conclusion of the Clay Circuit Court trial, three instructions

---

[1] Dennis Bowling received a directed verdict of acquittal on all counts at the conclusion of the trial.

were given to the jury on the murder charge. One instruction allowed a guilty verdict if the jury believed that defendant was the principal actor in killing Mills. The second instruction allowed a guilty verdict if the jury believed that defendant acted as an accomplice to killing Mills. The third instruction was as follows:

> If you believe from the evidence beyond a reasonable doubt that the defendant, _____, is guilty under one of the other of instructions _____, MURDER-PRINCIPAL or MURDER-ACCOMPLICE, but are unable to determine whether he acted as a principal or accomplice in the murder of Jimmy Mills, you will find _____ guilty under this instruction and will not fix his punishment, but shall say so in your verdict and return the verdict to the Court without deliberating on the question of fixing the punishment.

The jury found Appellant, Timothy, and Shannon guilty under the third instruction --- that they all acted as either the principal actor or an accomplice in Mills' murder.

Appellant, Timothy, and Shannon appealed that verdict to this Court as a matter of right. Our opinion, rendered April 19, 2007, found that there was insufficient evidence presented by the Commonwealth to find Timothy or Shannon guilty of murder as either a principal actor or accomplice. Their murder convictions were vacated. However, we found that there was sufficient evidence to find Appellant guilty of murdering Mills under a theory that he was the principal actor, but not as an accomplice. Since Appellant's conviction was predicated on a combined jury instruction which required sufficient evidence that he acted as either the principal actor or accomplice, the jury's verdict was

2

not unanimous. Halvorsen v. Commonwealth, 730 S.W.2d 921, 925 (Ky. 1986). We thus, reversed his murder conviction and remanded the matter to the Clay Circuit Court for further proceedings. The Clay Circuit Court reassigned the murder charge for trial.

Appellant then moved Senior Judge R. Cletus Maricle, of the Clay Circuit Court, to set aside the trial date and dismiss the indictment as barred by double jeopardy. Senior Judge Maricle heard and denied the motion on October 1, 2007. Appellee was subsequently elected and sworn in as a Clay Circuit Court Judge. Appellant renewed his motion before Appellee. On March 17, 2008, Judge House signed a written order denying the motion.

Appellant then petitioned the Court of Appeals for a writ of prohibition to prevent Appellee from retrying the case. The Court of Appeals denied the writ. The Court of Appeals held that since the reversal of Appellant's conviction was based upon a faulty jury instruction, and not a lack of proof, there was no Constitutional bar to retrying Appellant for murder, and no double jeopardy claim. See Hobbs v. Commonwealth, 655 S.W.2d 472, 474 (Ky. 1983). We now affirm the Court of Appeals decision.

A writ of prohibition will be granted only in the most exceptional of circumstances. Shobe v. EPI Corp., 815 S.W.2d 395, 397 (Ky. 1991). A writ of prohibition may be granted:

> upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its

jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

Hoskins v. Maricle, 150 S.W.3d 1, 10 (Ky. 2004). A double jeopardy claim is an appropriate subject for a writ of prohibition. St. Clair v. Roark, 10 S.W.3d 482, 485 (Ky. 1999).

Appellant's main argument is that the jury's failure to return a verdict on the principal actor instruction indicated that the Commonwealth failed to prove that he was the principal actor in Mills' murder. Thus, Appellant argues that he cannot be retried under that theory without violating double jeopardy. Tibbs v. Florida, 457 U.S. 31, 41 (1982) ("[The] Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding"). However, "[t]he failure to return a verdict [on a jury instruction] does not have collateral estoppel effect [in double jeopardy cases] . . . unless the record establishes that the issue was actually and necessarily decided in the defendant's favor." Schiro v. Farley, 510 U.S. 222, 236 (1994). In this matter, while the jury did not choose to convict Appellant under the principal actor instruction, they did choose to convict him under the combined instruction which included the theory that he was the principal actor. Thus, we cannot say that the jury found in favor of Appellant on the charge that he acted as the principal actor in Mill's murder. Since Appellant's conviction was overturned due to an instructional error regarding the combined instruction, he may be retried

4

without violating double jeopardy principles.  See Griffin v. United States, 502 U.S. 46 (1991).

Appellant has cited to several cases in his brief to support his argument that the jury's failure to return a verdict on the principal actor instruction invokes double jeopardy on retrial.  Green v. United States, 355 U.S. 184 (1957); Terry v. Potter, 111 F.3d 454 (6th Cir. 1997); Saylor v. Cornelius, 845 F.2d 1401 (6th Cir. 1988).  However, these cases are distinguishable because in them the jury's intent to not convict under a certain theory of the case, or the prosecution's failure to prove a case, is clear.  Neither situation is present in this case because the jury convicted Appellant under an instruction which included the principal actor theory and sufficient evidence was presented by the Commonwealth in the original trial to find Appellant guilty of being the principal actor.

Thus, since Appellant's conviction was reversed due to an instructional error, and it is not clear that the jury intended to acquit Appellant based on him serving as the principal actor in the murder, we deny his petition for a writ of prohibition.

For the above stated reasons, the opinion of the Court of Appeals is affirmed.

All sitting.  All concur.

5

COUNSEL FOR APPELLANT:

Stephan Charles
304 Bridge Street
Manchester, Kentucky 40962

COUNSEL FOR APPELLEE:

Hon. Oscar Gayle House,
Judge 41st Judicial District
316 Main Street, Ste 320
Manchester, Kentucky 40962

Edwin A. Logan
Logan and Gaines, PLLC
114 W. Clinton Street
Frankfort, Kentucky 40601-1949

COUNSEL FOR COMMONWEALTH OF KENTUCKY
AND HON. GARY GREGORY, COMMONWEALTH ATTORNEY, 41ST JUDICIAL
DISTRICT
REAL PARTIES IN INTEREST

Jack Conway
Attorney General

Susan Roncarti Lenz
Assistant Attorney General
Office of the Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, Kentucky 40601-8204

6